**STATE of Missouri, Plaintiff-Respondent,**

v.

**Bruce E. COLE, Defendant-Appellant.**

**No. 35850.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 4, 1975.

Charles D. Kitchin, Public Defender, John E. Bell, James C. Jones. Thomas J. Nold, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals from a conviction on each of three counts of robbery in the first degree by means of a dangerous and deadly weapon. Sections 560.120 and 560.135 RSMo 1969, V.A.M.S. Defendant makes no challenge to the sufficiency of the evidence. We recite the facts briefly.

On Sunday, November 5, 1972, in the afternoon three young boys took the bus to Ninth and Washington in St. Louis to attend a theatre. Outside the theatre they were approached by defendant and another man. The defendant asked the boys whether they wanted to buy inexpensive theatre tickets. The boys indicated they were interested in purchasing the tickets. The defendant and the other man escorted the boys north on Ninth Street, ostensibly to an automobile where the tickets were. The two men led the boys to one of the buildings in the Cochran Housing Projects, where they all went upstairs. .

Once upstairs, the defendant pulled a chrome revolver from his waistband. He directed the boys to remove their shoes, watches, coats and to give defendant all their money. Defendant and the other man took the property and ran out of the building. The three boys called the police from a telephone in the building and gave the following description of defendant: male Negro, red hair, twenty years old, five feet seven inches tall, a scar under right eye, wearing a green leather jacket, pants with grey, red and black stripes.

Shortly after midnight, two St. Louis police officers were in the process of writing a ticket for a traffic violation. One of the officers chanced to observe a car stopped for a nearby stop sign. The officer recognized defendant as the suspect that had been described in a broadcast on the police radio. The officers stopped the car in which defendant was a passenger, and ordered the defendant to get out of the car. One of the officers saw defendant attempt to conceal a chrome revolver as he got out of the car. This revolver was later identi-

fied as the one used to rob the three boys. Defendant was arrested wearing a black leather jacket that later was identified as belonging to one of the three boys. Defendant was also wearing striped pants that were identified by the boys as those worn by the defendant at the time of the robbery.

The defendant was charged by information with three counts of robbery in the first degree by means of a dangerous and deadly weapon. Separate counts were used to charge defendant with the robbery of each of the young boys. The jury returned a verdict of guilty on all three counts. A prior felony conviction was proved and the court set sentence under the Second Offender Act, § 556.280 RSMo 1969, at three separate ten year sentences, all sentences to run consecutively. Defendant appeals. We affirm.

Defendant's first contention on appeal is that the trial court erred in overruling his motion to suppress identification testimony and in allowing the in-court identification of defendant by the boys. He bases this contention on his allegation that his lineup was so unduly suggestive as to deprive him of due process. The facts involved in the pre-trial identification are as follows. On November 6, the day following the robbery, Kenneth King, one of the robbery victims, was called to the police station to identify the man who robbed him. He was shown four black and white photographs and he identified two photographs of defendant as the man who had robbed him. Then King was asked to view a lineup of four men. He identified the defendant in the lineup as the man who had robbed him.

On the following day the other two boys were taken to the police station. They were asked to view twelve photographs; each boy selected two photographs of defendant as the man who had robbed them. Each boy also identified defendant out of a three man lineup. The trial court overruled the defendant's motion to suppress the identification and permitted the boys to each make an in-court identification of defendant.

Defendant contends the trial court erred in overruling his motion arguing that the pre-trial identification procedure was unduly suggestive. He bases this contention on the following facts: one of the boys was told to come to the police station because the police had some pictures of the man who robbed them; one boy, after identifying defendant, went home and told the other boys that the police had found the man; defendant was the only man in the lineup with red hair and one of the boys identified the robber in the lineup as "the one with the red hair"; and, one boy was told to go upstairs and view a lineup where they had the man the boy had identified from the photographs as the robber. Based on these facts, defendant contends the boys were encouraged to identify him and the lineup amounted to no more than a one-on-one confrontation which, if unduly suggestive, is prohibited by State v. Hamblin, 448 S.W.2d 603 (Mo.1970).

Defendant's main argument is that he was the only person in the lineup with red hair and that the police made suggestive comments regarding the lineup. Whether the lineup was so suggestive and conducive to mistaken identification so as to violate defendant's right to due process is to be evaluated in light of the "totality of the surrounding circumstances." State v. Boothe, 485 S.W.2d 11, 13 (Mo. banc 1972); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). In deciding whether such identification testimony or in-court identification should be allowed "consideration should be given to (1) the presence of an independent basis of identification; (2) the absence of any suggestive influence by others; and (3) a positive courtroom identification." State v. Tidwell, 500 S.W.2d 329, 331 (Mo.App. 1973). State v. Parker, 458 S.W.2d 241, 244 (Mo.1970).

Here there was ample evidence of an independent basis for the in-court iden-

tification. The boys had the opportunity of clearly viewing defendant in daylight, undisguised for some forty-five minutes during the robbery. After the robbery each victim gave a detailed description of the defendant to the police which included a facial scar.[1] Each boy was able to select defendant's photographs from a group of others without hesitation; one photograph was even taken of defendant at an earlier age with shorter hair. The photographs were not in color, so the boys did not chose because of hair color. Each boy was able to make a positive courtroom identification of defendant based on the robbery, even though defendant had changed the length and color of his hair and his facial scar had healed. These facts establish a sufficient independent basis for the admission of the identification testimony.[2]

Defendant's reliance on State v. Hamblin, 448 S.W.2d 603 (Mo.1970) and State v. Townes, 461 S.W.2d 761 (Mo.1970), is misplaced. Both cases involved one-on-one identifications shortly after the crime, and both identifications were held permissible. *Hamblin* and *Townes* are not suggestive lineup cases and are inapplicable to these facts. The court did not err in overruling defendant's motion to suppress identification testimony or in allowing the boys to make in-court identifications.

Defendant's remaining contention is that the trial court erred in assessing consecutive sentences and that the sentences are excessive. This issue was not raised in the motion for new trial, was not preserved for review, and cannot be raised for the first time here. The sentences are within the statutory limits. Moreover, we have examined defendant's contention as to the propriety of the consecutive nature of

his sentences and find the point without merit. State v. Neal, 514 S.W.2d 544, 549 (Mo. banc 1974).

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.

---

1. The boy who identified defendant in the lineup as the man with red hair also identified defendant by his facial scar.

2. *Also see* State v. Tidwell, *supra*, (defendant was the only person in the lineup with chin whiskers); State v. Balle, 442 S.W.2d 35, 39 (Mo.1969) (defendant in lineup with taller, heavier and darker men); State v. Cochrell, 492 S.W.2d 22, 25 (Mo.App.1973) (defendant alone shown to an assault victim shortly after the crime); and Hendrix v. State, 495 S.W.2d 457 (Mo.App.1973).