John Albert **BIBBS,** Movant-Appellant,

v.

**STATE of Missouri,** Respondent.

No. 38080.

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 12, 1976.

550

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

Movant appeals denial of his second Rule 27.26 Motion for Post-conviction Relief. His first motion to vacate under Rule 27.26 alleged that Movant was denied effective assistance of counsel. After granting an evidentiary hearing, the court ruled against Movant on that ground and its decision was affirmed on appeal in *Bibbs v. State*, 504 S.W.2d 319 (Mo.App.1973). On March 15, 1976, Movant filed the second Rule 27.26 Motion, alleging that he was denied his constitutional right to represent himself.

Missouri Supreme Court Rule 27.26(d) provides that:

The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner . . . where the ground presented is new but could have been raised in a prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

Movant contends that he did not raise the denial of self-representation as a ground in his prior 27.26 Motion arguing that the law giving him this right had not been established at the time of his prior motion. Movant's brief argues that state law did not recognize an accused's right of self-representation prior to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The *Faretta* decision holds the Sixth Amendment, applicable to the states through the Fourteenth Amendment, guarantees the right to defend criminal charges without counsel. We do not agree with Movant's argument.

Missouri law has long recognized a criminal defendant's right to a pro se defense. This right has not been based upon the Sixth Amendment as held in *Faretta, supra*. Rather, the accused's right to represent himself is based upon the Missouri Constitution. Article 1, Section 18(a) of the Missouri Constitution and Rule 29.01 provide that an accused shall have the right to appear and defend, in person and by counsel, in criminal prosecutions. The constitutional provision and rule have been interpreted to secure the right of self-representation in criminal trials. *State v. Warren*, 321 S.W.2d 705, 709 (Mo.1959); *see also State v. Rickard*, 364 S.W.2d 561, 562 (Mo.1963); *State v. Hurley*, 251 S.W.2d 617, 619–20 (Mo.1952); *State v. Weston*, 202 S.W.2d 50, 52 (Mo.1947).

Therefore, since the right to represent himself was available to the Movant when he filed his first 27.26 Motion, this court cannot entertain Movant's second 27.26 Motion. Accordingly, the judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.