Edward PARTON, Movant, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 36967, 37424 and 37772.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 9, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Dec. 20, 1976.

Application to Transfer Denied
Feb. 14, 1977.

Robert C. Babione, Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Sheila K. Hyatt, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., George A. Peach, III, Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Presiding Judge.

Upon consolidation, we consider three appeals from the denial of post-conviction relief. Movant, Edward Parton, filed a motion under Rule 27.26 to vacate and set aside a rape conviction, and two petitions for writs of error coram nobis to vacate three robbery convictions used to place his sentencing within the judge's discretion as a second offender in the rape case.

Movant was convicted by a jury of statutory rape of a six year old child and sentenced to fifty years imprisonment under the Second Offender Act. This conviction was affirmed on appeal. *State v. Parton*, 487 S.W.2d 523 (Mo.1972). Prior to movant's 27.26 hearing, the circuit court entered a pre-trial order determining issues to be considered at the evidentiary hearing and excluding others. A motion seeking a psychiatric examination of the rape victim to show a mental condition causing the victim to lie against the movant was denied. A motion to produce tangible evidence introduced at the trial by the state was also denied.

At the hearing, movant attempted to show that his conviction was based on false and perjured testimony, and that his appointed attorney rendered ineffective counsel at his rape trial. The circuit court determined that his conviction was not the result of any perjured testimony, and that movant was not denied effective counsel. The Rule 27.26 motion was denied.

Along with his 27.26 motion, movant had filed two petitions for writs of error coram nobis to vacate three convictions, rendered simultaneously, which, although fully served, were introduced in the evidence before the court to cause sentencing in the rape case to be a judicial determination under the Second Offender Act, § 556.280, RSMo 1969. Movant had pled guilty to three charges of robbery first degree with a deadly weapon in 1965. He contended that his public defender at the time did not give him effective counsel because counsel was just a "stand-in" lawyer and movant's pleas were coerced; that he was misled by his counsel as to the sentences which he would receive for his guilty pleas. These petitions were dismissed without a hearing.

■ Movant's first contention of error on appeal is that he was denied his constitutional right to represent himself at his rape trial. This issue was not raised in the Rule 27.26 motion in the lower court and the issue was never presented to the judge for determination. Where an issue is not presented to the trial court in the motion to set aside the conviction, and the hearing did not focus in on the question, it may not be considered on appeal. *Harkins v. State,* 494 S.W.2d 7, 14[7] (Mo.1973).

■ Movant's second point on appeal is that the trial court erred in denying his application for a psychiatric examination of the victim prior to his 27.26 hearing. The question of a victim's psychiatric condition at the time of trial is not a proper subject for inquiry in a 27.26 hearing. Movant attempts by such an examination to challenge either the credibility or the competency of the witness. The credibility of a witness is a question of fact for the trial court and not to be considered either on appeal or in a 27.26 hearing. *Bledsoe v. State,* 456 S.W.2d 4, 6[2] (Mo.1970). The competency of a witness, particularly a child, is within the trial court's province. Here, the trial court determined the alleged victim was competent in this case, and that decision was affirmed on appeal. *State v. Parton, supra,* 487 S.W.2d 523. *See also, State v. Cox,* 352 S.W.2d 665, 672[18–20] (Mo.1961). Furthermore, matters which have been decided on direct appeal, as was the child's competency, are not cognizable in a 27.26 hearing. Rule 27.26(b)(3); *Weaver v. State,* 520 S.W.2d 640, 643[2] (Mo.App. 1975).

■ Movant next urges that he was denied effective assistance of counsel because his counsel failed to present certain facts as part of a motion to suppress evidence alleged to be illegally seized, which was denied at trial and on appeal. A movant seeking to vacate a judgment and sentence on the ground of ineffective counsel has a heavy burden to carry. *Hall v. State,* 496 S.W.2d 300, 303[2] (Mo.App.1973). He must show that there was some basis for asserting the defense of which his counsel was allegedly ignorant. *State v. Brizendine,* 433 S.W.2d 321, 333[11] (Mo. banc 1968). Movant failed to meet his burden in this case. He maintains that his counsel failed to show that he, and not the woman who was living with the movant and gave consent for the seizure, paid the rent. In Missouri, however, a co-tenant may give permission to search a shared premises. *State v. Sutton,* 454 S.W.2d 481, 484[2] (Mo. 1970). Thus, movant has failed to show that his counsel omitted a meritorious defense because he could not have been successful in suppressing the evidence under the law.

■ Movant next asserts that the trial court erred in overruling his motion to produce certain tangible evidence used in the trial of the case at his 27.26 hearing. Movant desired to produce this evidence in order to show that his rape conviction was false. A movant, however, may not relitigate his guilt or innocence at a 27.26 hear-

ing. *State v. Schaffer,* 454 S.W.2d 60, 66[5] (Mo.1970). Movant has not urged any other basis for producing this evidence, nor has he shown any right to examine tangible evidence used at his trial at a post-trial hearing.

 Movant's final point of appeal on his 27.26 motion is that the trial judge imposed a "harassment" sentence of fifty years for exercising his right to trial by jury. The circuit court judge refused to consider this ground at the 27.26 hearing, and movant claims this as error. But where movant fails to allege facts which, if true, would be sufficient to state a claim for relief, he is not entitled to an evidentiary hearing. *Johnson v. State;* 472 S.W.2d 433, 434[1] (Mo.1971). A fifty year sentence for rape is within the statutory limitation. Section 559.260, RSMo 1969. There can be no complaint of excessive punishment if it is within the limits imposed by law. *State v. Cook,* 440 S.W.2d 461, 463[1] (Mo.1969).

Finally, movant challenges the denial of his writ of error coram nobis petitions on the grounds that he was compelled to plead guilty by ineffective counsel, and that his guilty pleas in 1965 were induced by promises of probation which he did not receive. While these allegations may be cognizable in a motion for 27.26 hearing, they are not proper grounds for relief under a coram nobis proceeding. A coram nobis proceeding is available to hear facts unknown by the defendant at the time of his trial. *Howard v. State,* 493 S.W.2d 14, 19[3] (Mo.App.1973). Movant was as aware of his grievances at the time of his sentencing as he was when he filed his petitions for writ of error coram nobis. His petitions were untimely filed. He must set forth sound reasons for not seeking relief earlier than he did. *Deckard v. State,* 492 S.W.2d 400, 403[11] (Mo.App.1973).

After careful review of the transcript of the proceedings, briefs and authorities, we conclude that the judgment of the circuit court denying the movant's 27.26 motion and petitions for writ of error coram nobis was not clearly erroneous.

The judgment of the court below is affirmed.

DOWD and CLEMENS, JJ., concur.