Edward PARTON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 39318, 39658.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 19, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

Application to Transfer Denied
Nov. 6, 1978.

David V. Uthoff, Nicki E. Patterson, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Stanley Robinson, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., John P. Dockery, Jr., St. Louis, for respondent.

SMITH, Judge.

Movant appeals from the action of the trial court in dismissing without evidentiary hearing his motion for relief pursuant to Rule 27.26. Parton was convicted in 1971 of statutory rape of a six-year-old girl. The opinion of the Supreme Court on direct appeal of that conviction is found in *State v. Parton,* 487 S.W.2d 523 (Mo. 1972). In 1974, movant filed a motion pursuant to Rule 27.26 which was denied March 11, 1975. Opinion on appeal from that denial is found in *Parton v. State,* 545 S.W.2d 338 (Mo.App. 1976).

■ In his current motion, Parton raises the contention that he was denied his constitutional right to defend himself without counsel. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This contention was advanced on appeal from the denial of movant's prior 27.26 motion, but not considered by this court because not raised in the trial court. *Parton v. State, supra* [1, 2]. For the same reason we do not review certain contentions raised by movant pro se, but not raised in the trial court. The trial court denied the present motion on the basis that the movant could have raised this contention on his prior motion. Rule 27.26(d). Movant contends that he could not have raised the point because the constitutional principle upon which he relies was not discovered by the United States Supreme Court until *Faretta,* which was handed down after his prior motion had been denied. In *Bibbs v. State,* 542 S.W.2d 549 (Mo.App. 1976), we held that the right of a criminal defendant to represent himself was firmly established in Missouri law long before *Faretta. See* Missouri Constitution, Article I, Sec. 18(a) and Rule 29.01. The challenge now made to movant's conviction could have been made on appeal from the original conviction and in the first 27.26 motion. *See State v. Burgin,* 539 S.W.2d 652 (Mo.App. 1976).

Additionally, the doctrine of *Faretta* has been held to be prospective only. *Martin v. Wyrick,* 568 F.2d 583 (8th Cir. 1978). As such, it would not be available to movant.

Our careful review of *Faretta* has led us to further conclude that it does not hold that failure to permit a defendant to represent himself is inevitably prejudicial error requiring a new trial. *See* dissenting opinion of Blackmun, J., 422 U.S., l.c. 852, 95 S.Ct. 2525; *United States v. Taylor,* 569 F.2d 448 (7th Cir. 1978). The record here supports the legal conclusion that movant was not prejudiced by the court's action in denying his request to represent himself.

■ On the day of trial, Parton asked the court to discharge the attorney appointed to represent him. The basis of this request was largely his dissatisfaction with that attorney's experience in the criminal law field and the attorney's failure to file a pre-trial motion challenging the qualifications of the victim to testify. The court indicated its willingness to relieve counsel if movant had an attorney who would enter his appearance that day and would be ready to proceed. Although appointed counsel had represented movant for nearly a year, movant made no request that counsel be relieved until the day of trial. During the colloquy, movant expressed his lack of ability to try the case himself.

The trial court then conferred with appointed counsel and concluded that counsel had investigated all leads furnished him by

defendant, had familiarized himself with the law, and based upon the court's personal knowledge of counsel's ability and counsel's statements determined that counsel was providing able and effective assistance. It should further be noted that counsel had pursued, over his client's objections, a request for mental examination and had consulted with two of the most experienced criminal trial lawyers in the area. Counsel also advised the court that he had not filed a pre-trial motion challenging the qualifications of the victim to testify as he regarded this as a proper subject for intra-trial proceedings (in which conclusion he was correct) and he did challenge such qualifications prior to the victim's testimony.

When movant indicated he could not hire counsel as specified by the court, the trial commenced. After selection of the jury, movant for the first time asked the court to permit movant to try the case without assistance of counsel. We note that in *Faretta* the Supreme Court laid great stress upon the fact that defendant's request to represent himself was made "weeks before the trial." 422 U.S., l.c. 835, 95 S.Ct. 2525.

Throughout the trial, movant was given frequent and full opportunity to consult with counsel and to determine the direction of his defense. Against counsel's advice he called three witnesses.

The first witness was a friend of movant's, then confined to the St. Louis county Jail. This witness inferentially and indefinitely lent some slight support to movant's defense that the victim's mother (who was at work at the time of the assault) was angry at movant for going out with other women and had put her daughter up to telling the story she did. The witness also admitted he had seven convictions for burglary, one for attempted burglary, three for stealing, and one for escape.

The second witness was movant. His decision to testify against counsel's advice allowed the jury to be made aware of movant's three prior convictions for armed robbery. It also produced a story which movant admitted on the stand made liars out of the victim, her babysitter, and two police officers. As to the police officers, the conflict in testimony was as to the time at which the movant was arrested.

The third witness was a female friend of defendant and the mother of two children by him. Her only testimony relevant to the case concerned movant's moral character. She testified it was not good. As to his attitude toward children, she didn't know. The record reflects that these questions were asked of the witness only because movant insisted they be asked.

The evidence in the case was overwhelming. Movant was found clothed only in his underwear in a bedroom with the victim. The victim was lying on a blood and semen stained bed without her underpants on. The victim had a traumatic injury to her face and inner vaginal area, and testified clearly and specifically about the sexual conduct of movant with her and that he struck her on the face. The babysitter testified to hearing screams from the child shortly before the babysitter went to the room. Movant testified he had simply spanked the child for running away.

Upon the record before us, it is clear movant was in no way prejudiced by the court's action in refusing to discharge counsel. Movant expressed doubt about his ability to try the case, he requested discharge after the trial had commenced, the charged crime was at the time of trial a capital offense, movant had unlimited opportunity to confer with counsel and in fact controlled and determined the evidence and defense presented.

The words of *United States v. Taylor, supra,* l.c. 453, are completely apropos:

"The fact of the matter is that Taylor was allowed to present his own defense as he saw fit, and that appointed counsel's participation in the trial did not in any manner impinge upon or undercut the defense (if it may be called such) presented by Taylor."

If movant was prejudiced during the trial, it was not because of the presence of counsel.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.