Leroy John HAMPTON, Appellant,

v.

Donald WYRICK, Appellee.

No. 78-1319.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1978.

Decided Dec. 12, 1978.

Certiorari Denied Feb. 21, 1979. See 99 S.Ct. 1253.

Karl J. Keffler, St. Louis, Mo., for appellant.

John D. Ashcroft, Atty. Gen., and Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and HEANEY, Circuit Judges.

**PER CURIAM.**

■ Leroy John Hampton, a Missouri state prisoner, appeals from the district court's order denying his petition for a writ of habeas corpus. On appeal it is asserted that petitioner received a 50 year sentence by the state trial judge as the result of his exercise of his right to a trial by jury.[1] We have studied the state court transcript and, although we find the 50 year sentence unusual, there exists only speculation that it was vindictively imposed for petitioner's exercise of his constitutional right to a jury trial.

Petitioner asserted the same claim in a state post-conviction proceeding. In affirming the denial of Hampton's motion to vacate his conviction the Missouri Court of Appeals wrote:

> Defendant's final point urges that the 50 year sentence imposed by the trial court was illegal and as a result of the defendant's exercise of his right to trial. There was evidence that the prosecutor had recommended a 25 year sentence after the defendant pleaded guilty; that there was an indication by the trial judge that the recommendation was acceptable. After jury trial and the finding of defendant's guilt, the trial judge imposed a 50 year sentence. We find no illegality in such sentence. It was within the statutory limits. *State v. Vermillion*, 486 S.W.2d 437 (Mo.1972). Further, the trial judge testified at the 27.26 hearing that he was influenced in the sentencing by the fact revealed at trial as to the vicious nature of the crime and defendant's record of 13 prior convictions. A sufficient basis clearly existed for the imposition of the term of punishment.

*Hampton v. State*, 558 S.W.2d 369, 371 (Mo. App.1977).

■ The sentencing judge testified in the state post-conviction relief action that the sentence he imposed was based on Hampton's prior criminal record and the

1. Hampton also argues that the federal district court erred in denying his motion pursuant to 28 U.S.C. §§ 2247 and 2249, made after the district court had denied relief, for production of certain documents, including his indictment, plea, various transcripts and the judgment. Hampton's argument is meritless. Much of the information sought to be produced was part of the record before the district court.

facts surrounding the case. We find nothing in the record suggesting that Hampton did not receive a full and fair hearing by the state court. Accordingly, we hold that the federal district court did not err in not holding an evidentiary hearing and in denying Hampton's petition for a writ of habeas corpus.[2]

Judgment affirmed.

2. Hampton also contends that this court erred in denying his motion pursuant to 28 U.S.C. § 2245 for issuance of a certificate of the trial judge. While we question the propriety of directing his motion to this court, we note that the district court had before it the transcript of the state post-conviction relief action in which the sentencing judge testified concerning the imposition of Hampton's sentence. Under such circumstances there was no need for a certification.