**Edward PARTON, Appellant,**

v.

**Donald WYRICK, Warden; John Ashcroft, Attorney General, State of Missouri, Appellees.**

No. 79–1348.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1979.

Decided Jan. 18, 1980.

Rehearing and Rehearing En Banc Denied Feb. 20, 1980.

---

Joel W. Case, Manchester, Mo., for appellant.

Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, Mo., for appellees; John Ashcroft, Atty. Gen., Jefferson City, Mo., on brief.

Before HEANEY and ROSS, Circuit Judges, and LARSON, Senior District Judge.*

ROSS, Circuit Judge.

Edward Parton appeals from the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

In June of 1971, Parton was found guilty by a jury of statutory rape and sentenced by the court pursuant to the Missouri Second Offender Act, Mo.Rev.Stat. § 556.-280, to 50 years imprisonment. This conviction was affirmed on appeal. *State v. Parton*, 487 S.W.2d 523 (Mo.1972).

Parton subsequently filed a motion to vacate judgment and sentence under Missouri Supreme Court Rule 27.26. Following an evidentiary hearing, Parton's motion was overruled. He then filed two applications for writs of error coram nobis challenging the constitutionality of three 1965 armed robbery convictions used at his 1971 rape trial for purposes of applying the Missouri Second Offender Act. Both writs were dismissed without an evidentiary hearing. The Rule 27.26 motion was consolidated on appeal with Parton's petitions for writs of error coram nobis and all three judgments were affirmed. *Parton v. State*, 545 S.W.2d 338 (Mo.Ct.App. at St.L.1976). In denying the petitions for writs of error coram nobis, the court held that the questions of ineffective assistance of counsel and coerced pleas regarding the 1965 convictions were not proper grounds for relief under a coram nobis proceeding, but noted that "these allegations may be cognizable in a motion for 27.26 hearing." *Id.* at 342.

Parton thereafter filed a second motion to vacate his sentence pursuant to Missouri Supreme Court Rule 27.26, but failed thereable in to raise the issue of the constitutional validity of the 1965 convictions. This motion, denied without a hearing, was affirmed on appeal. *Parton v. State*, 571 S.W.2d 806 (Mo.Ct.App. at St.L.1978).

Parton then filed the instant application for a writ of habeas corpus alleging, *inter alia*, ineffective assistance of counsel at previous trials for armed robbery and at the trial for statutory rape. He also alleged that the judge improperly considered his prior convictions and his demand for a trial by a jury in imposing sentence. The cause was referred to a magistrate and, based on the magistrate's recommendations, the district court [1] dismissed.

On appeal, Parton contends that the district court erred (1) in denying his application for a writ of habeas corpus without an evidentiary hearing and (2) in concluding as a matter of law that petitioner's demand for a jury trial did not enhance his sentence. We find Parton's contentions to be without merit [2] and accordingly, affirm.

## I. Ineffective Assistance of Counsel

Parton first claims that the district court erred in denying his application for a writ of habeas corpus without an evidentiary hearing. He alleges that the 1965 armed robbery convictions, which were utilized in his 1971 rape trial for purposes of applying the Missouri Second Offender Act, were constitutionally defective in that he did not have effective assistance of counsel at that time. Parton urges that if he could establish the invalidity of those convictions, his sentence for rape would be invalid because prior convictions found to be constitutionally invalid require reconsideration of a sentence imposed, in part, on the basis of those

---

* The Honorable EARL R. LARSON, Senior United States District Judge, District of Minnesota, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. Parton incorporated in his petition a list of exceptions to the magistrate's recommendation which he had filed prior to the district court's

decision to dismiss. Among the alleged improprieties also excepted to on this appeal was that the judge who accepted the 1965 robbery pleas later reviewed his own actions. The record clearly establishes that the Honorable *John F.* Nangle, United States District Judge for the Eastern District of Missouri, reviewed the robbery pleas, which were accepted by the Honorable *James F.* Nangle, Circuit Court of the City of St. Louis.

convictions. *United States v. Tucker*, 404 U.S. 443, 448, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

▆ In the state's view, Parton has not exhausted his state remedies. However, while the state insists that Parton's proper remedy lies in the state court, it admits that the state might will argue in any subsequent proceeding that Parton is foreclosed from further state relief because he could have raised these issues in his first state proceeding.[4] *See* Mo.R.Crim.P. 27.26(d).[5] Under these circumstances, the exhaustion doctrine should not be applied inflexibly to bar our consideration of these issues. *Coney v. Wyrick*, 532 F.2d 94, 99–100 (8th Cir. 1976).

Alternatively, the state argues that Parton has deliberately bypassed available state remedies and as such, has waived his right to present these issues in a petition to the federal courts. We agree.

For federal habeas purposes, the alleged deprivation of a federal constitutional right during the course of a state criminal proceeding is waived by failure of the defendant to complain in accordance with the state's procedural requirements unless the failure is justified by *cause* and unless the deprivation has worked to the *actual prejudice* of the defendant in the state proceeding. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Collins v. Auger*, 577 F.2d 1107, 1110–11 (8th Cir. 1978), *cert. denied*, 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979).

▆ It was Parton's decision to testify at his rape trial, against counsel's advice, which placed before the jury evidence of his three prior convictions for armed robbery. At trial, petitioner did not object to the admission of these convictions. Nor did he raise the admission of this evidence as error on direct appeal from his conviction. As was the case in *Turnbough v. Wyrick*, 551 F.2d 202, 204 (8th Cir.), *cert. denied*, 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977):

> Here petitioner did not merely fail to object, he openly offered the earlier conviction as part of his case in chief. He thereafter did not complain of any prejudice on appeal. Thus where the constitutional right is well known, and is a "trial-type" right, and where petitioner not only fails to object but proceeds affirmatively with proof, regardless of his reason for doing so, we do not feel he can openly invite error and then later rely on the error to reverse his conviction.

Parton has shown no cause for his noncompliance with state procedures during the course of his trial for rape nor has he demonstrated actual prejudice resulting therefrom. *Wainwright v. Sykes, supra*, 433 U.S. at 87, 97 S.Ct. 2497. Accordingly, we hold that Parton is now estopped from raising this argument on the issue of ineffective assistance of counsel at his 1965 robbery convictions. *Cf. Wainwright v. Sykes, supra*, 433 U.S. at 87, 97 S.Ct. 2497; *Estelle v. Williams*, 425 U.S. 501, 512, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Francis v. Henderson*, 425 U.S. 536, 542, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

Parton next claims that an evidentiary hearing was required to enable him to establish that counsel at his rape trial was

---

4. Indeed, in rejecting Parton's first 27.26 motion and his two petitions for writs of error coram nobis the Missouri Court of Appeals noted that "[m]ovant was as aware of his grievances at the time of his sentencing as he was when he filed his petitions for writ of error coram nobis. His petitions were untimely filed. He must set forth sound reasons for not seeking relief earlier than he did." *Parton v. State*, 545 S.W.2d 338, 342 (Mo.Ct.App. at St.L.1976).

5. Mo.R.Crim.P. 27.26(d) provides that:
   Successive Motions. The sentencing court *shall not* entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion. (Emphasis added).

ineffective in that he failed to procure and introduce scientific analyses of various articles of clothing and bed sheets.

■ To sustain a claim for ineffective assistance of counsel the petitioner must show material prejudice to his right to a constitutionally fair trial caused by the attorney's failure to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. *Morrow v. Parratt*, 574 F.2d 411, 412–13 (8th Cir. 1978); *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). When, as in this case, the habeas claim goes to counsel's trial strategy or failure to investigate facts surrounding the crime, the petitioner must allege specific incompetence and prejudice resulting therefrom. *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978).

No such specific incompetence or resultant prejudice was alleged by Parton. He initially raised this issue before the district court in the context of the hearing court's refusal to order the production of certain articles of clothing and bed sheets which he now claims should have been analyzed.[6] There is no indication that petitioner requested that his trial counsel obtain these articles or conduct any analyses of them. Nor did petitioner raise any objection at trial to evidence introduced as to analyses performed on these articles for the state. Accordingly, we conclude that petitioner has not alleged a cause for failure to raise these issues at his trial nor has he established the requisite prejudice which would entitle him to federal habeas corpus relief.

■ Parton next alleges that he was denied effective assistance of counsel in failing to object to the admission at trial of evidence allegedly illegally seized in violation of Parton's fourth amendment rights. Specifically, Parton contends that his trial counsel failed to introduce evidence to establish that the area searched by the police was under his exclusive dominion. He sought to establish this by arguing that the victim's mother had no authority to consent to the search of the room and the seizure of these items. Parton's allegation is without merit. Parton was a cotenant living with the victim's mother. Clearly, the mother had authority to consent to the search of the room and the seizure of items within her control. *See United States v. Finch*, 557 F.2d 1234, 1235–36 (8th Cir.), *cert. denied*, 434 U.S. 927, 98 S.Ct. 409, 54 L.Ed.2d 285 (1977). Since a motion to suppress would have been unavailing, *Coolidge v. New Hampshire*, 403 U.S. 443, 488–89, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *United States v. Finch, supra*, 557 F.2d at 1235–36, even if counsel could have acted otherwise, Parton was not prejudiced by his failure to so act. We therefore conclude that the district court correctly denied Parton's petition for habeas corpus on these grounds.

■ The district court held that petitioner's application for a writ of habeas corpus as to ineffective assistance of counsel at his 1965 guilty pleas and his 1971 trial for statutory rape were without merit. It therefore did not hold an evidentiary hearing on these matters. A federal court must grant an evidentiary hearing in a habeas corpus action brought under 28 U.S.C. § 2254 if relevant facts are in dispute and a fair evidentiary hearing was not granted in state court. *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Toler v. Wyrick*, 563 F.2d 372, 373 (8th Cir. 1977), *cert. denied*, 435 U.S. 907, 98 S.Ct. 1455, 55 L.Ed.2d 498 (1978). Because there are no relevant disputed facts concerning the questions raised by Parton's petition as to ineffective assistance of counsel, the district court did not err in dismissing Parton's application for a writ of habeas corpus without a hearing.

---

6. The district court limited its consideration of Parton's allegations regarding the clothing to the hearing court's refusal to order production of this evidence. Although the narrower questions regarding the failure to procure scientific analyses of these items as grounds for assert-

ing a claim of ineffective assistance of counsel were not properly before this court, *see Harkins v. Wyrick*, 589 F.2d 387, 390 (8th Cir. 1979), we have reviewed them and find them to be without merit.

## II. Sentencing

Finally, Parton contends that the district court erred in concluding that his sentence was not increased because he exercised his right to be tried by a jury. Testimony at petitioner's Rule 27.26 hearing established that Parton rejected four plea bargains which would have resulted in a recommendation of a lesser sentence than that imposed by the court. However, Parton's allegations attributing punitive intent and knowledge of the plea bargains at sentencing to the judge are factually insufficient as a matter of law to state a claim for habeas corpus relief. *See generally Hampton v. Wyrick*, 588 F.2d 632, 634 (8th Cir. 1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed.2d 477 (1979); *Hess v. United States*, 496 F.2d 936, 938 (8th Cir. 1974). The record does not reveal that the trial court was motivated by any desire to harass or punish petitioner for asserting his right to a jury trial. Nor does petitioner support his allegation with facts to the contrary. The sentence imposed was within the maximum authorized by the statute. Accordingly, we hold that petitioner has failed to state a basis for habeas corpus relief.

The judgment of the district court is affirmed.