Bruce COLE, Appellant,

v.

Donald WYRICK, Appellee.

No. 79–1565.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 7, 1979.

Decided Feb. 26, 1980.

Paul J. Passanante, Clayton, Mo., for appellant.

---

5. *See Camp v. United States, supra,* 587 F.2d at 399 n.3.

Jerry L. Short, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellee; John Ashcroft, Atty. Gen. and Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, Mo., on brief.

Before LAY, Chief Judge,* HEANEY, Circuit Judge, and SCHATZ, District Judge.**

HEANEY, Circuit Judge.

This is an appeal in forma pauperis from the denial by the district court for the Eastern District of Missouri, Eastern Division, of a petition for habeas corpus under 28 U.S.C. § 2254. On September 19, 1973, petitioner, Bruce Edward Cole, was convicted after a trial by jury of three counts of robbery first degree by means of a dangerous and deadly weapon. He was sentenced by the trial judge to ten-years in the state penitentiary on each of the three counts, the sentences to be served consecutively.

Cole brought the present petition requesting relief from his three consecutive sentences because the Missouri statute, Mo. Rev.Stat. § 546.480 (1969), which mandated consecutive sentencing, has been found unconstitutional by the Missouri Supreme Court.[1]

Cole, currently a prisoner in the custody of the warden of the Missouri State Penitentiary, is a black with a ninth grade education who was twenty years of age at the time of these offenses. The three convictions arose out of a single incident on November 5, 1972, in which he and a companion (whose name and fate are not revealed in the record) robbed three teenage boys. The petitioner and his companion approached the boys near a downtown St. Louis movie theater and offered to sell them movie tickets at a reduced price. The boys followed Cole and his companion to a housing project building to obtain the tickets and, once there, Cole pulled a gun and robbed the boys of two coats, a hat, a pair of boots, two Timex watches valued at $10.00 each, and $11.05 in cash. After the robbery, Cole and his companion ran away. There was no physical harm to any of the victims during the robbery. Cole was charged with three separate counts of robbery, one for each boy.[2]

The Missouri statute on mandatory consecutive sentencing, Section 546.480, was entitled "Punishment to follow first conviction" and provided:

When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction.

---

* The Honorable Donald P. Lay became Chief Judge of the Eighth Circuit on January 1, 1980.

** The Honorable Albert G. Schatz, United States District Court for the District of Nebraska, sitting by designation.

1. Cole raises three other claims in his habeas corpus petition: (1) that he was denied effective assistance of counsel in his trial because a challenge was not made prior to admission of two psychiatric reports; (2) that he was denied appointment of counsel to pursue his collateral post-conviction remedy in the state court; and (3) that the federal district court was required to hold an evidentiary hearing on his petition under 28 U.S.C. § 2254(d). On the first two claims, we find that Cole has failed to exhaust his state remedies, as required by 28 U.S.C. § 2254(b) and (c), and that these issues can be raised by proper motion in the state court. *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct.

407, 30 L.Ed.2d 418 (1971); *Triplett v. Wyrick*, 549 F.2d 57 (8th Cir. 1977); *Franklin v. Wyrick*, 529 F.2d 79 (8th Cir.), *cert. denied*, 425 U.S. 962, 96 S.Ct. 1747, 48 L.Ed.2d 208 (1976); *Eaton v. Wyrick*, 528 F.2d 477 (8th Cir. 1975). As to the third claim, we find that there was no fact issue to resolve in an evidentiary hearing. *Hampton v. Wyrick*, 588 F.2d 632 (8th Cir. 1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed.2d 477 (1979).

2. In the information, Cole was also charged with a prior felony, stealing from a person, committed in 1971. This prior conviction was considered by the trial judge for purposes of sentencing under Mo.Rev.Stat. § 556.280 (1969), the Missouri Habitual Criminal Act. The details of this felony do not appear in the record.

The Missouri Supreme Court in *State v. Baker*, 524 S.W.2d 122 (Mo. 1975) (en banc), held that mandatory consecutive sentencing under Section 546.480 "requires different and unequal treatment for different defendants not based on any legitimate state purpose or interest" in violation of equal protection. The *Baker* case, however, did not prohibit a trial judge from imposing consecutive sentences in the exercise of his judicial discretion.

At the time Cole was sentenced,[3] the trial judge, in response to a request by Cole's attorney for a clarification of the sentences, stated his reason for sentencing Cole to consecutive sentences:

> [T]he Court is exercising its discretion, * * * [and] [u]nder the statutes and under the authorities of State vs. McClanahan the Court has no other recourse but to make the sentences run consecutive and if State vs. McClanahan, is to be followed then that is the law and it's a legal matter as well as a discretionary matter * * *.

In *State v. McClanahan*, 418 S.W.2d 71 (Mo. 1967), the Missouri Supreme Court had remanded for resentencing a two-count conviction, holding that the trial court had no authority to impose concurrent sentences where Section 546.480 was applicable.

Following the *Baker* decision, the Missouri courts have reviewed and remanded for resentencing a number of cases in which it appeared that consecutive sentences may have been imposed due to the mandate of Section 546.480. *See State v. Willett*, 539 S.W.2d 774 (Mo.App.1976); *State v. Jordan*, 532 S.W.2d 776 (Mo.App.1975); *State v. McCollum*, 527 S.W.2d 710 (Mo.App.1975); *State v. Brown*, 525 S.W.2d 565 (Mo.App. 1975).

The trial court here was not squarely presented with the question of the effect of the *Baker* decision on its sentencing of Cole. The *Baker* case had not been decided at the time of Cole's appeal of his conviction. *State v. Cole*, 519 S.W.2d 370 (Mo.App. 1975).

The *Baker* case had been decided at the time of Cole's pro se motion for collateral relief under Rule 27.26, seeking to vacate his conviction and sentence. However, the *Baker* case was neither brought to the court's attention nor mentioned in its memorandum opinion denying the motion.[4] On appeal of the denial of the collateral motion, the Missouri Court of Appeals considered the effect of *Baker* on Cole's sentence, *Cole v. State*, 553 S.W.2d 877 (Mo. App.1977), but found that the trial judge exercised his discretion as a "separate and independent" ground for sentencing Cole.

We read the record differently than the Missouri Court of Appeals. We are unwilling to assume that the trial court would have imposed consecutive sentences on Cole if it had not read *McClanahan* as requiring mandatory consecutive sentences under Section 546.480. We find that the trial court did rely on a statute later found unconstitutional and that this matter should be remanded for the limited purpose of resentencing Cole.[5]

---

3. The trial judge did not request a report from the Probation and Parole Office in sentencing Cole.

4. The unconstitutionality of Section 546.480 was raised in Cole's pro se motion without reference to *Baker*, but the trial judge rejected this claim as "vague, indefinite and conclusionary" and "obviously" unmeritorious.

5. Sentencing is a matter of state criminal procedure, and does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus. *Johnson v. Beto*, 383 F.2d 197 (5th Cir. 1967). We have previously held that the Missouri courts should determine the impact of *Baker* on individual sentences. *Bonner v. Wyrick*, 563 F.2d 1293 (8th Cir. 1977). However, we find, in this case, that the state court has not determined the impact of *Baker* on Cole's sentence and habeas corpus relief is appropriate.