**Robert Wayne TAYLOR,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42352.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 12, 1981.

Motions for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Leonard W. Buckley, Jr., St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., for respondent.

STEWART, Judge.

In this proceeding under Rule 27.26 movant sought to have consecutive sentences set aside and the case remanded for resentencing under the rule in *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975). The trial court after hearing argument, sustained the State's motion to dismiss without an evidentiary hearing. We affirm.

Though movant relies upon three points in his brief the determinative issue is whether upon his guilty pleas to murder in the first degree and to assault with intent to kill, the trial court's sentence of life terms on each plea to run consecutively was done under compulsion of § 546.480 RSMo 1969 which was subsequently declared unconstitutional in *State v. Baker, supra.*

The statute in question provided as follows:

"When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction."

As emphasized in *Baker* the statute did "not apply to all convicted multiple offenders. It applies if, but only if, a defendant is convicted of at least two offenses before he is sentenced for either offense." *Id.* at page 127. If the conviction and the sentencing on multiple offenses is sequential the statute would have no application. The issue in this case is whether there was in fact a sequential sentencing on the two separate crimes as found by the trial court.

The transcript of the hearing on the pleas of guilty shows that the court took up for consideration the charge of murder first degree. It was announced by defendant's counsel that defendant wished to withdraw his plea of not guilty and enter a plea of guilty to that charge. The court then interrogated the defendant after which the court accepted the plea, granted the defendant allocution and sentenced him to life imprisonment.

Defendant's counsel then announced that defendant wished to enter a plea of guilty to the crime of assault with intent to kill. After interrogating defendant, the court accepted the plea of guilty. The court then asked for the recommendation of the prosecutor and the following transpired:

"MR. DARST: My recommendation is that the defendant be sentenced to serve life imprisonment on this charge and this sentence be assessed to run consecutively with the sentence imposed in Count I.

THE COURT: Is there any legal reason why sentence should not be imposed at this time?

MR. LaBEAUME: None.

THE COURT: Mr. Taylor is there any legal reason why sentence should not be imposed at this time?

MR. TAYLOR: No.

THE COURT: The Court sentences you to serve your natural life life (sic) concurrently—what did you say?

MR. DARST: Consecutively with the natural life imposed in 'Count Number 1. (sic)

THE COURT: You understand this?

MR. TAYLOR: Yes.

THE COURT: That I am sentencing you consecutively not concurrently as to these two counts. You understand this?

MR. TAYLOR: Yes, sir."

From this record of the proceedings the sentencing upon the conviction for assault with intent to kill was made after defendant had been convicted and sentenced for murder in the first degree.

Movant contends however, that a memorandum in the circuit court file signed by the court shows that the sentences were imposed simultaneously thus creating a conflict and that the memorandum should prevail. The memorandum, in part, as read into the record on the motion to dismiss by movant's counsel states that "the Defendant withdraws his former plea of not guilty and pleads guilty to Count I and Count II. Defendant interrogated. Record made and the Court's acceptance of the pleas of guilty. And then allocution was granted and Defendant sentenced to imprisonment and the memo's signed by Judge Tillman."

It is apparent that the memorandum does not purport to set out in detail what transpired in the formal sentencing. It is a mere summary of the proceedings. It does not purport to establish the sequence in which the pleas were taken. On the other hand the transcript of the hearing with respect to the pleas was transcribed immediately after the hearing and approved by the court within a week of the hearing and made a part of the record of the circuit court. The transcript unequivocally shows that defendant was not convicted and sentenced on the second charge until after he had been convicted and sentenced on the first charge.

Even if it could be said that there is a conflict, we are admonished to look to the whole record and put a construction upon the apparently conflicting portions that are consistent and in accord with the record considered as a whole. *State ex rel. Rosen v. McLaughlin,* 318 S.W.2d 181, 185 (Mo. banc 1958).

We find that the record clearly supports the finding of the trial court that the sentencing court "consciously and deliberately determined that the sentences in Counts I and II should be consecutive and at the guilty plea hearing took the guilty plea on Count I and sentenced the Defendant and then took the guilty plea on Count II and then sentenced the Defendant, that the sentence was to run consecutively with the life sentence imposed on Count I."

Although movant argues that an evidentiary hearing was required he does not indicate what evidence he could provide that would be relevant to the issue. We find no basis for an evidentiary hearing. See *Burnett v. State,* 573 S.W.2d 380, 381 (Mo.App. 1978).

Movant has supplemented his brief urging that *Cole v. Wyrick,* 615 F.2d 1206 (8th Cir. 1980) is controlling. In view of our holding, *Cole* is inapposite because the defendant in that case was sentenced on three counts of robbery first degree simultaneously.

The judgment of the trial court is affirmed.

STEPHAN, P. J., and DOWD, J., concur.