Parry **MORGAN**, Appellant,

v.

Donald **WYRICK**, Warden, Appellee.

No. 81–2133.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 26, 1982.

Decided March 8, 1982.

David F. Oliver, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for appellant.

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before LAY, Chief Judge, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from the district court's [1] denial of appellant's petition for habeas corpus under 28 U.S.C. § 2254. In brief, appellant contends that because his consecutive sentences of imprisonment resulted from the state trial court's application of a statute later declared unconstitutional, his case should be remanded for resentencing. We affirm the district court.

On February 12, 1975, following trial to the court, appellant was convicted of one count of rape and one count of robbery. Sentence was imposed on May 22, 1975; appellant was sentenced to life in prison on the rape conviction and ten years in prison for the robbery conviction. These sentences were to be served consecutively. On appeal, the judgment of the state trial court was affirmed. *State v. Morgan*, 539 S.W.2d 660 (Mo.App.1976).

Appellant initiated this habeas corpus action in August 1980, alleging that the con-

---

1. The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri.

secutive sentences imposed at the conclusion of his state criminal trial were the direct result of the Missouri statute which mandated consecutive sentences, Mo.Rev. Stat. § 546.480 (1969). Because the statute was subsequently declared unconstitutional, see State v. Baker, 524 S.W.2d 122 (Mo. 1975), appellant contends his case must be remanded for sentencing.[2]

Following Baker, a number of cases have been reviewed and remanded for resentencing by the Missouri courts where it appeared consecutive sentences had been imposed pursuant to § 546.480. E.g., State v. Willett, 539 S.W.2d 774 (Mo.App.1976); State v. Jordan, 532 S.W.2d 776 (Mo.App. 1975); see also Cole v. Wyrick, 615 F.2d 1206 (8th Cir. 1979). Like the district court, however, our review of the record in the instant case convinces us that the basis for the consecutive sentences imposed upon appellant was separate and independent of § 546.480. That portion of the trial transcript pertaining to the sentencing demonstrates that the sentences resulted from the state trial judge's consideration of the nature of the crimes, the facts and circumstances surrounding their commission and the defendant's past record. Significantly, the transcript contains no reference to § 546.480 in connection with the consecutive sentences, nor is there any indication that the state trial judge felt compelled to impose them for any reason other than his own discretion.[3] We are convinced that the state trial judge exercised his discretion as a separate and independent ground for sentencing appellant and that a remand for resentencing is therefore unnecessary. Accordingly, the order of the district court is affirmed.

2. In addition to requesting relief from the consecutive sentences, appellant also asserted he had been subjected to double jeopardy as the result of being tried for both rape and robbery. This contention is not pursued on appeal.

3. Indeed, in addressing this very issue on appellant's direct appeal, the Missouri Court of Appeals concluded that "the record ... affords no support that the trial judge acted under the compulsion of Section 546.480 ... in sentencing the defendant ...." State v. Morgan, 539 S.W.2d 660, 663 (Mo.App.1976).