**Bruce Edward COLE, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 44086.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1982.

Motion for Rehearing and/or Transfer
Denied Oct. 15, 1982.

Joan M. Burger, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the trial court's denial of his Rule 27.26 motion after an evidentiary hearing. Movant's primary complaint is that no presentence investigation was conducted before he was resentenced in May of 1980. We affirm.

This case has a rather long and tortuous history which we recite briefly here. The facts of the crime with which movant was charged were stated by Judge Dowd in *State v. Cole,* 519 S.W.2d 370, 371 (Mo.App. 1975):

> On Sunday, November 5, 1972, in the afternoon three young boys took the bus to Ninth and Washington in St. Louis to attend a theatre. Outside the theatre they were approached by defendant and another man. The defendant asked the boys whether they wanted to buy inexpensive theatre tickets. The boys indicated they were interested in purchasing the tickets. The defendant and the other man escorted the boys north on Ninth Street, ostensibly to an automobile where the tickets were. The two men led the boys to one of the buildings in the Cochran Housing Projects, where they all went upstairs.
>
> Once upstairs, the defendant pulled a chrome revolver from his waistband. He

directed the boys to remove their shoes, watches, coats and to give defendant all their money. Defendant and the other man took the property and ran out of the building.

The movant was arrested and charged with three counts of robbery in the first degree by means of a dangerous and deadly weapon. The jury found movant guilty of all three counts, and on November 3, 1973, the judge sentenced movant to serve three consecutive prison terms of 10 years each. The trial judge stated that he was exercising his discretion to impose consecutive sentences because the movant had committed three independent acts of violence against three distinct people. Further, the court stated that § 546.480, RSMo. 1969, and *State v. McClanahan,* 418 S.W.2d 71, 74 (Mo.1967), required consecutive sentences. Movant appealed his conviction, and we affirmed the judgment and sentence in *State v. Cole,* 519 S.W.2d 370 (Mo.App.1975).

Soon after our affirmance of movant's conviction, the Supreme Court held in *State v. Baker,* 524 S.W.2d 122, 126–27 (Mo. banc 1975), that mandatory consecutive sentencing under § 546.480, RSMo. 1969, was an unconstitutional deprivation of equal protection. *Baker* did not prohibit discretionary consecutive sentencing. Movant filed a pro se 27.26 motion alleging the trial court had denied him equal protection by sentencing him to serve consecutive terms. The trial court denied his motion and movant appealed from that denial. Judge McMillian, writing for this court, stated that the trial judge had imposed consecutive sentences as an exercise of discretion rather than as a rote application of § 546.480. Therefore, we found no error. *Cole v. State,* 553 S.W.2d 877, 882 (Mo.App.1977).

Thereafter, movant sought habeas corpus relief in the United States District Court for the Eastern District of Missouri. The district court denied movant any relief, but the United States Court of Appeals for the Eighth Circuit remanded the case:

> We read the record differently than the Missouri Court of Appeals. We are unwilling to assume that the trial court

would have imposed consecutive sentences on Cole if it had not read *McClanahan* as requiring mandatory consecutive sentences under Section 546.480. We find that the trial court did rely on a statute later found unconstitutional and that this matter should be remanded for the limited purpose of resentencing Cole.

*Cole v. Wyrick,* 615 F.2d 1206, 1208 (8th Cir.1980).

The district court ordered the trial court to resentence movant. On May 16, 1980, the trial judge again sentenced movant to serve three consecutive 10-year terms. The judge stated that he was not relying on the unconstitutional statute but was relying on other factors. The movant, his state appointed attorney, and his federally appointed attorney were present at the resentencing hearing.

Thereafter, movant filed this Rule 27.26 motion. The court appointed an attorney to represent him and conducted an evidentiary hearing. The crux of movant's complaint was that there was no presentence investigation conducted prior to his resentencing. The trial court denied movant's motion and he appealed.

On appeal from denial of his Rule 27.26 motion, the movant contends the trial court erred in not ordering a presentence investigation before it resentenced him. He also contends he was denied his right to effective assistance of counsel because his state appointed attorney failed to obtain a presentence investigation and because his federally appointed attorney failed to seek a clarification of the opinion issued by the Eighth Circuit Court of Appeals.

Movant was originally sentenced on November 3, 1973. At that time, under Rule 27.07(b), the use of presentence investigation reports was discretionary. *State v. Goforth,* 535 S.W.2d 464, 468 (Mo.App.1976). The new criminal code became effective on January 1, 1979. § 557.026 of that code provides that presentence investigations must be conducted in every felony case. However, Supreme Court Rule 29.07(a)(1) was adopted in June of 1979 and became effective on January 1, 1980. That rule

gives the trial judge discretion to determine whether to order a presentence investigation. In *State v. Phroper,* 619 S.W.2d 83, 91 (Mo.App.1981), our brethren in the Western District held that Rule 29.07(a)(1) supersedes § 557.026, RSMo.1978, and that presentence investigations are, therefore, discretionary rather than mandatory.

■ Movant's claims of trial court error and ineffective assistance of counsel in the matter of the presentence report must fail. Neither at the time of his original sentencing in 1973 nor at the time of his resentencing in 1980 was the use of a presentence report mandatory. The trial court had available to it at the time of both sentencings the facts and circumstances of the charged crimes, movant's previous record, and reports of psychiatric examinations of movant. The trial court had information sufficient to permit it to assess the sentence of three consecutive 10-year terms. Further, the sentence imposed is within the statutory limit and is, therefore, not excessive or disproportionate. *State v. Repp,* 603 S.W.2d 569, 571 (Mo. banc 1980). Because we find that a presentence report was not required, we find that movant's state appointed counsel was not ineffective in failing to insist on a presentence report or in not seeking post-sentence remedies.

■ Finally, while we have some reservations about our right to determine whether movant's federally appointed attorney was ineffective, we find that attorney's failure to seek a clarification of the opinion of the court of appeals did not constitute ineffective assistance. Judge Heaney's opinion was clear and required no clarification.

Affirmed.

SNYDER and CRIST, JJ., concur.