**STATE of Missouri, Respondent,**

v.

**Edward McLALLEN, Appellant.**

No. KCD 27005.

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

**2**

Store in Lincoln, Missouri. At about 2:00 A.M. on that day, Mr. Coe was awakened in the bedroom of his home by a sound coming over a loud speaker installed therein to pick up any sound emanating from the vicinity of the front door of his store. On determining that such sounds indicated someone was trying to break into his store, Mr. Coe arose and drove the few blocks to his store. He did not turn his car lights on until he was close enough to his store to observe two men prying at the front door trying to gain entrance. At this point Mr. Coe turned his car lights on which illuminated the front door and the two men, who promptly fled on foot. Mr. Coe was not able to make any identification of the men although he did give the officers a clothing description. Shortly after the men fled, Mr. Coe heard an automobile being driven out of town at a high rate of speed. Mr. Coe reported the incident to law enforcement officials. Shortly thereafter, Mr. Coe's wife, who was still at their home, heard their pickup truck being started and looked out in time to see it being driven out of their driveway. She notified her husband, who in turn again notified the officials.

Donald C. Cheever, Marshfield, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Defendant appeals from multiple sentences assessed by the court following his conviction by a jury. The court found defendant was subject to the second offender act and sentenced defendant to a term totaling thirty years on one count of stealing, two counts of burglary and stealing, and one count of attempted burglary.

The evidence would justify the jury in finding that on January 17, 1972, John Coe was the owner of the Lincoln Hardware

About 3:00 A.M. two officers of the Sedalia, Missouri Police Force were cruising when they saw a pickup truck, matching the description given of the Coe truck, stopped at an intersection. The officers stopped and obtained a full facial view of the driver when he turned to look directly into the headlights of the police car. The pickup truck proceeded, with the officers following, and very shortly thereafter the officers signaled the truck to stop. After the truck stopped, the officers were in the process of getting out of their car when the truck suddenly started again. The officers gave chase and the truck went a short distance and then left the street proceeding through residential yards, eventually coming to a stop against a fence. The officers saw the driver run from the car. The officers in the meantime had radioed for assistance and another car arrived and defendant was arrested by the other offi-

cers a short time later. He was thereafter identified by the first officers who had spotted him as being the person who was driving the truck when they first observed it.

Defendant was thereafter taken to the Sedalia Police Department where he was booked and the contents of his pockets were taken and inventoried. Among these contents were a quarter with the rim completely hammered so that it resembled a small racing tire, and some coins bearing the legend "play penny". These coins were later identified by Mr. Atwood as having been at the Atwood & Henry Store in Lincoln, Missouri, immediately prior to the breakin. Defendant was also wearing a coat matching the description given by Mr. Coe of the men at the front door of his store.

In the meantime, police officers discovered that the Atwood & Henry Store and the MFA Store had been broken into and considerable merchandise had been stacked near the front door. The front door of the Lincoln Hardware Store bore evidence of having been pried upon in an effort to gain entry. These three stores were within close proximity and the breakins occurred at about the same time and showed the same mode of operation.

It was later determined a quantity of coins and a cap were taken from the Atwood & Henry Store and six knives were taken from the MFA Store. Defendant's plan, of course, was to get the car and he and his companion would then have the other merchandise by the front doors of the respective stores ready to load into the car.

The next day the sheriff and prosecuting attorney of Benton County went to Sedalia to talk with the defendant. After reading the defendant the Miranda warning, the defendant signed a written waiver of his right to remain silent and to have counsel. The sheriff stated the defendant told them he understood his right to remain silent. The sheriff testified in a pre-trial hearing on a motion to suppress the statement given on that occasion, that the prosecuting attorney had told the defendant several times it would be the best thing for him to make and sign a statement. The defendant gave a statement in which he admitted leaving Kansas City with an unnamed friend for the purpose of going to Lincoln to commit several burglaries. The defendant stated they had broken into the Atwood & Henry Store, the MFA Store, and were in the process of trying to break into the Lincoln Hardware Store when Mr. Coe arrived. The defendant stated while he and his friend were running to their car in order to make their escape, he slipped and fell and his friend reached the car and was able to leave town. The defendant thereafter saw Mr. Coe's pickup truck in the driveway and found the keys in it, and made his escape by taking the truck, only to be apprehended later in Sedalia. Though the statement was typed, defendant refused to sign it. The court excluded the written statement, but permitted the sheriff to state what defendant said.

Defendant contends his statement given to the sheriff and prosecuting attorney was involuntary as a matter of law. He bases this primarily upon the statement by the prosecutor that it would be best for him to give the statement and it was the best thing for him to do. During the trial, defendant's counsel, who is not the counsel on this appeal, objected to the introduction of the statement on the basis that there were promises and there was a hint of leniency. However, the sheriff denied any threat or any promise of leniency and the only evidence concerning the statements made to the defendant, including that adduced from the testimony of the defendant himself, was the statement of the prosecutor set out above.

It was held in State v. Hester, 425 S.W.2d 110, 114 (Mo.1968): "[w]hen there is no substantial evidence of coercion or duress or of promises of leniency or reward, a confession must be deemed voluntary". It will be noted the defendant does

not raise any question of lack of warning of his right to remain silent or to have counsel, but his only complaint is aimed at the statement of the prosecutor. This does not constitute evidence of either coercion, duress, or promise of leniency or reward. The defendant argues both that it constitutes a threat and a promise of leniency, which perhaps is the best illustration of the nebulous nature of the prosecutor's statement. It is interesting to note the statement of the prosecutor in State v. Hunter, 456 S.W.2d 314 (Mo.1970) in which the prosecutor said "it is possible, very possible, that they would consider a lesser charge". The court said the statement was ambiguous and subject to interpretation. The statement in this case is much more obscure than in *Hunter*, and if the statement there was uncertain, then the statement here was certainly not capable of conveying either promise or threat.

Since the statement by the prosecutor here did not constitute either a threat or a promise, such statement did not constitute substantial evidence of either so as to render the confession involuntary.

■ In addition, the defendant makes some complaint that he was sick and sore and did not have his glasses at the time he signed the waiver. There was no evidence produced to show the defendant did not understand his rights and did not intelligently waive them, nor was there any evidence of any physical infirmity which interfered with the defendant knowingly and intelligently waiving his right to remain silent. Nor was there any evidence to show defendant could not read the waiver form. In this circumstance there was no error in admitting defendant's statement. State v. Glenn, 429 S.W.2d 225 (Mo. banc 1968).

■ Defendant complains of the failure of the trial court to submit the issue of the voluntariness of defendant's statement to the jury. The defendant did not request any instruction submitting this issue to the jury. It is well settled in this State that an instruction on the voluntary character of a confession is a collateral issue and is not required as a part of the law of the case. When a defendant fails to submit an instruction on this issue, he cannot complain of failure of the court to give one. State v. Francies, 295 S.W.2d 8 (Mo.1956).

■ Defendant also complains of the admission of testimony by Deputy Sheriff Guyman concerning a statement the defendant made to him that he took the coins from the store. This statement was made the day following the statement defendant made to the sheriff and followed three separate warnings to defendant of his right to remain silent. These warnings were given first at the time of his arrest, second by the sheriff, and third by Deputy Guyman. The statement to Deputy Guyman followed by a short time the giving of the Miranda warning by the deputy.

In Miller v. United States, 396 F.2d 492 (8th Cir.1968), it was held that a confession is not necessarily invalid because the Miranda warning is not repeated in full each time the interrogation process is resumed after an interruption. Here, such warnings having been given the defendant on three prior occasions within a space of about twenty-four hours, it cannot be said defendant was not fully aware of his right to remain silent or that he did not knowingly and voluntarily give a statement. For this reason the testimony of the deputy sheriff was admissible.

Having held the statement to have been voluntary and admissible, this disposes of defendant's contention that the evidence was insufficient to support the verdict without the use of defendant's statement.

■■ The defendant has filed a pro se brief in which he complains of the amendment of the information; the failure of the court to require the jury to find the value of the property stolen in each store to be over $50.00; and his denial to a fair trial by the prosecutor knowingly using perjured testimony.

The amendment of the information consisted only of adding the name of one person who was said to be a co-owner of the

property taken and a technical change in the title of the MFA Store. This did not alter in any way the charge being made or defendant's defense to it. The amendment was, therefore, properly allowed. State v. Taylor, 375 S.W.2d 58 (Mo.1964). Under § 560.110 RSMo 1969, V.A.M.S., there was no necessity to submit the value of the property stolen when the charge of stealing was submitted jointly with the charge of burglary.

There was no evidence of the use of any perjured testimony. Defendant claims the sheriff committed perjury by testifying in the trial contrary to his testimony at the pre-trial hearing to suppress defendant's statement. An examination of the testimony does not reveal any difference, and defendant's counsel was furnished a transcript of the pre-trial hearing and fully cross-examined the sheriff concerning his pre-trial testimony. There is certainly no showing of any perjury in this record.

Finding no error, the judgment is affirmed.

All concur.