Edward McLALLEN, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 28469.

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1976.

Richard K. Houtchens, Houtchens & Houtchens, Clinton, for appellant.

John C. Danforth, Atty. Gen., Christopher R. Brewster, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

The appellant (defendant) was found guilty by a jury on a multiple charge information of stealing, burglary and stealing, and attempted burglary. He was initially tried under the Second Offender Act and received multiple sentences assessed by the trial court. This judgment and the sentences assessed were affirmed by this court on direct appeal, *State v. McLallen*, 522 S.W.2d 1 (Mo.App.1975).

The defendant thereafter filed a motion under Rule 27.26, Rules of Criminal Procedure, to vacate the judgment and to set aside the sentences based upon five grounds for such relief. A lengthy evidentiary hearing was held on the motion, and the trial court in a written memorandum made specific findings of fact and conclusions of law, and overruled the motion. This appeal followed.

The defendant's brief filed herein fails to comply with the mandatory requirements as contained in Rule 84.04, Rules of Civil Procedure, in many particulars.

Without burdening this opinion with a recitation of all of these deficiencies, one must be noted. The first four of his "Points and Authorities" are inadequate to preserve anything for review. They are as follows:

"

**I.**

The motion to vacate should be sustained because of ineffective assistance of counsel.

**II.**

The motion to vacate should be sustained because it was unconstitutional to be tried on a multiple count information.

**III.**

The motion to vacate should be sustained because the jury was not informed when the Sheriff was impeached.

**IV.**

The motion to vacate should be sustained because the prosecuting attorney had no right to be present and assist in the interrogation when movant made a confession."

Rule 84.04(d) provides, in part:

"Points Relied On. The points relied on *shall state* briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why they are claimed to be erroneous, with citations of authorities thereunder.* * * *

Setting out only abstract statements of law without showing how they are relat-

ed to any action or ruling of the court is not a compliance with this rule." (Emphasis supplied)

There are no authorities cited by the defendant under any of these four points and none of them is dealt with in the argument portion of the brief. Accordingly, nothing is presented for review as to these points. *McQueen v. State*, 475 S.W.2d 111, 115[3] (Mo. banc 1971); *State v. Warters*, 457 S.W.2d 808, 811[2] (Mo.1970).

The only point raised in defendant's brief which gives even token compliance to the mandate of Rule 84.04(d) is his last point, which states:

"

## V.

The motion to vacate should be sustained because the appellant did not have counsel at his previous convictions relied on to make the Second Offender Act applicable."

This point contains citations of authorities and is the only point attempted to be covered in the argument portion of the defendant's brief. Accordingly, it will be considered.

The transcript of the testimony and record in the original trial was admitted as an exhibit in the evidentiary hearing on the Rule 27.26 motion to vacate the judgment and sentences, and is now before this court. It reveals that prior to impanelling the jury, the court held a preliminary hearing *in camera* as to the applicability of the Second Offender Act.

During the course of this hearing, the prosecuting attorney had various documents marked which were certified copies of defendant's prior felony convictions (being eight in number) and these documents were marked State's Exhibits 2 through 17. However, the prosecutor offered into evidence only those documents showing two prior felony convictions in Missouri, State's Exhibits 2, 3, 4 and 5. These records were admitted by the court, without objection by defense counsel, and the court thereupon made a formal finding of those two prior convictions and ruled that the Second Of-

fender Act was applicable to the proceedings. These records disclosed:

On June 7, 1948, this defendant pleaded guilty to the charge of Breaking Custody and Escape in case # 35782 in the circuit court of Livingston County, Missouri and was sentenced to two years in the penitentiary.

On November 28, 1951, this defendant pleaded guilty to the charge of Robbery, First Degree in case # 8422 in the circuit court of Jasper County, Missouri and was sentenced to five years in the penitentiary.

The basic question for decision by the trial court was whether the defendant was in fact represented by counsel in the two prior convictions, the fact of the convictions being conceded and the official records thereof having been received in evidence without objection. The determination of this basic fact must be approached in the light of certain procedural concepts.

 The defendant's allegations in his Rule 27.26 motion to vacate are not "self-proving", *Ward v. State*, 451 S.W.2d 79, 81[1] (Mo.1970), and the burden of proving this ground for relief by a preponderance of the evidence rests upon the defendant, Rule 27.26(f); *Collins v. State*, 450 S.W.2d 186, 187[1] (Mo.1970); *Anderson v. State*, 493 S.W.2d 681, 684[4] (Mo.App.1973); *Smith v. State*, 513 S.W.2d 407, 411 (Mo.banc 1974); *Lee v. State*, 526 S.W.2d 329, 332[4] (Mo. App.1975). The weight of the evidence and credibility of the witnesses are matters for the trial court, and it may reject testimony offered on behalf of the movant (defendant) although such testimony is uncontradicted. *Shoemake v. State*, 462 S.W.2d 772, 775[2] (Mo.banc 1971).

 During the evidentiary hearing on the Rule 27.26 motion, a certified copy of the judgment and sentence in the Livingston County conviction of June 7, 1948 was received in evidence, without objection. This document clearly shows that the circuit court appointed counsel to represent the defendant, one Wm. A. Miner, a member of the Livingston County bar. The record further shows that the defendant consulted with his counsel "and a friend"

and that Miner appeared with him in open court when his guilty plea was entered.

Likewise, a certified copy of the judgment and sentence in the Jasper County conviction of November 28, 1951 was received in evidence, without objection. Also, a certified copy of the judge's docket in the Jasper County case was received in evidence, which reveals that on November 15, 1951, the court appointed counsel to represent the defendant, one Charles M. Cook. The judgment entry discloses that the defendant had consulted with Cook, who was present with him in open court when sentence was imposed.

Mr. Cook testified at the hearing that he was representing a great number of defendants in criminal matters during the period which included November of 1951, but had no independent recollection of his representation of the defendant. He stated that he "very probably" was appointed to represent the defendant, but had been unable to verify this fact from his office files since those for 1960 and prior years, had been disposed of because of filing space problems in his office.

The defendant's testimony was equivocal and indefinite as to being represented by counsel in the Livingston and Jasper County proceedings. Such vagueness is understandable since the Livingston County proceedings were 24 years and the Jasper County proceedings were 21 years before his testimony in this matter, and in the interim, he had been no stranger to criminal court proceedings. At the outset of his testimony on this facet of the 27.26 proceedings, on direct examination the following appears:

"Q. * * * And in your motion to vacate you have alleged that you did not have any counsel (in the Livingston County matter) * * *. Is that true and correct?

A. No, sir, *to my knowledge*, I didn't.
* * * * * *

Q. Mr. McLallen, now you allege in your motion * * * that you did not have counsel at that time (Jasper County matter).

A. *To my knowledge* I didn't." (Emphasis supplied)

Throughout his testimony as to representation by counsel, he repeatedly employs the qualification to any statement as to the lack thereof by the phrase "Not to my knowledge" or "If I did, I don't remember".

In the light of the solemn judicial records of the Livingston and Jasper County circuit courts disclosing that the defendant was, in fact, represented by counsel in each proceeding, his testimony does not meet the burden placed upon him to support his motion to vacate his conviction under the Second Offender Act.

■ The constitutional requirement that the right to assistance and advice of counsel at every vital stage of a criminal proceeding is essential to a fair trial, and that a conviction, whether by trial or plea, without counsel violates the Fourteenth Amendment as delineated in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and held to have full retroactive impact in *Kitchens v. Smith*, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971) is applicable here. However, this record is convincing that the defendant did have the assistance and advice of counsel in each of the prior convictions in Livingston and Jasper counties and the constitutional safeguards declared in *Gideon* and many later decisions were fully met.

Such was not true in the case of *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *State v. Alberts*, 519 S.W.2d 562 (Mo.App.1975), relied upon by defendant, where the records affirmatively showed that the defendants were *not* represented by counsel in previous proceedings. The case of *Irby v. Missouri*, 502 F.2d 1096 (8th Cir. 1974), also relied upon by defendant, turned primarily upon whether or not the defendant in a criminal proceeding in the state court of Missouri had waived his right to counsel where such conviction was urged as the basis for proceedings under the Second Offender Act, and whether a federal court habeas corpus proceeding could be entertained under the exhaustion

doctrine. The District Court held that the petitioner (defendant) had not exhausted his state court remedies. The Eighth Circuit ruled that he had done so, but that the record in the state court proceedings in the prior conviction did not disclose a knowing and intelligent waiver of right to counsel and remanded the case to the District Court for a factual determination of that issue. *Irby* is not authoritative here.

The trial court's ruling on defendant's Rule 27.26 motion to vacate the judgment and sentences, and in holding the Second Offender Act applicable in this proceeding, were not clearly erroneous, Rule 27.26(j), and the judgment is affirmed.

All concur.