**UNITED STATES of America, Appellee,**

v.

**Kenneth Michael JOHNSON, Appellant.**

**No. 78–1291.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1978.

Decided Sept. 7, 1978.

Kenneth M. Johnson, pro se.

Robert D. Kingsland, U. S. Atty., and Mark A. Helfers, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Johnson, a federal prisoner convicted of armed robbery of a post office, seeks relief under 28 U.S.C. § 2255. His petition was denied by the District Court without a hearing and Johnson has taken this appeal.

The evidence at Johnson's criminal trial is reviewed in this Court's opinion affirming his conviction on direct appeal. *United States v. Johnson*, 540 F.2d 954 (8th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 647, 50 L.Ed.2d 628 (1976). The evidence showed that Johnson and two accomplices entered the Wellston, Missouri post office and obtained proceeds from postal operations at gun point from two postal clerks. Upon exiting from the post office, Johnson, carrying a paper bag containing cash from the robbery, was shot and wounded by law enforcement personnel. Johnson was arrested where he fell. His defense at trial was that he happened to be passing in front of the post office at the time of the robbery and was mistakenly included among the perpetrators.

Johnson first contends that while he was hospitalized for his wounds which were inflicted at the time of his arrest, and while he was under heavy sedation, federal authorities procured his signature waiving his *Miranda* rights, and turning over his personal effects to law enforcement personnel. He contends that the government subsequently introduced three one dollar bills at trial, which had been part of his personal effects. There is no factual merit to this claim. The three one dollar bills introduced at trial were part of the "bait money" taken during the robbery, and which was found in the paper bag which Johnson had been carrying. This bag was seized at the scene of the crime. There is no indication in the trial record that federal authorities secured any evidence from Johnson during the time that he was hospitalized.

■ Johnson also contends that he should have been provided with the assistance of counsel when he was interrogated by law enforcement personnel during his hospital stay, and when he signed the waiver of his *Miranda* rights releasing custody of his personal belongings. Since our review of the record satisfies us that no evidence derived from Johnson's hospitalization was introduced at trial, there is no merit to his complaint that he unintelligently submitted to questioning or released custody of his property.

■ Johnson contends that the warrant issued for his arrest was not signed by a federal magistrate and was thus invalid. This claim is not cognizable under § 2255. *Houser v. United States*, 508 F.2d 509, 514

(8th Cir. 1974). His allegation that he was not arrested upon a finding of probable cause is similarly not cognizable, in the absence of a showing as to how his allegedly unlawful arrest denied him a fair trial. *Ibid.*

Johnson next contends that the indictment omitted essential elements constituting the offense charged. He contends that the indictment fails to charge that the taking was felonious, that the taking was done unlawfully and knowingly, and that it was done with intent to deprive the United States of its property. A challenge raising the sufficiency of an indictment is not cognizable in a § 2255 action, absent a showing of exceptional circumstances. No such circumstances were shown here. While the indictment here did not precisely track the wording of the statutory offense, it clearly apprised Johnson of the charge and enabled him to prepare a defense. *See United States v. Fleming,* 526 F.2d 191 (8th Cir. 1975), *cert. dismissed,* 423 U.S. 1082, 96 S.Ct. 872, 47 L.Ed.2d 93 (1976). Moreover, the trial court instructed the jury as to the statutory elements of the crime charged, and as to the burden on the prosecution to prove every element beyond a reasonable doubt. We find no error in the denial of Johnson's § 2255 petition on this ground.

Johnson next contends that his trial counsel was ineffective on two grounds. First, he contends that his counsel failed to investigate the circumstances of his arrest and of his subsequent hospitalization. He also contends that his counsel failed to conduct an in-depth investigation of the facts surrounding the alleged crime, and instead relied upon information supplied to him by the prosecution.

A claim of ineffective assistance of counsel is cognizable under § 2255. *Houser v. United States, supra* at 516. Before relief will be granted, however, a petitioner must show both that his counsel was incompetent and that the counsel's incompetence resulted in prejudice. *See Pinnell v. Cauthron,* 540 F.2d 938, 943 (8th Cir. 1976); *United States v. Easter,* 539 F.2d 663, 666 (8th Cir. 1976). Since the failure of Johnson's counsel to investigate the circumstances of his arrest and hospitalization, even if true, resulted in no prejudice to him, such failure would not be grounds for relief. Failure of Johnson's counsel to conduct the necessary investigation into the facts surrounding the crime might, on the other hand, result in such prejudice as to justify the granting of relief. *See McQueen v. Swenson,* 498 F.2d 207, 215–216 (8th Cir. 1974). Such claimed failure must, however, be supported by specific allegations, such as the failure of counsel to interview witnesses, to seek factual information in the possession of the government, or to otherwise explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. *Id.* at 216–217. In the absence of any such specific allegations, Johnson's claim for relief must be denied.[1]

Lastly, Johnson contends that the evidence was insufficient to support the jury's verdict. Generally, an alleged insufficiency of the evidence is not a ground for relief under § 2255. *Houser v. United States, supra* at 516; *Weaver v. United States,* 418 F.2d 475, 476 (8th Cir. 1969). In any event, as noted in this Court's opinion affirming Johnson's conviction on direct appeal, the evidence against him was overwhelming. *United States v. Johnson, supra* at 956.

---

1. Johnson does allege that his counsel failed to follow the trial court's order that Johnson receive a psychiatric examination. There is no merit to this contention since Johnson received the psychiatric evaluation ordered. Johnson also cites the fact that his counsel erroneously identified himself to the court as the attorney representing "one of them coming out of the post office," and that this statement constituted a tacit admission as to Johnson's identity as one of the robbers. This statement, while clumsy, was made during a suppression hearing, and thus could not have prejudiced the jury. Finally, Johnson alleges that his trial counsel admitted during the suppression hearing that he was unprepared. An examination of the record indicates that counsel in fact admitted only that he had been afforded "very little discovery."

The denial of Johnson's petition is affirmed.