Edward McLALLEN, Petitioner,

v.

Donald W. WYRICK, Respondent.

No. 77–0804–CV–W–5–R.

United States District Court,
W. D. Missouri, W. D.

June 30, 1980.

Edward McLallen, pro se, and Ronald Hall, Asst. Federal Public Defender, Kansas City, Mo., for petitioner.

Michael Finkelstein, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

Petitioner, who is currently confined at the Missouri State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976). Leave to proceed in forma pauperis was granted on November 16, 1977, and the respondent was directed to show cause why the writ should not issue. A response was filed December 21, 1977. A pro se Traverse was filed by petitioner on January 6, 1978. On April 20, 1978, the Federal Public Defender was appointed to represent petitioner and counsel for the parties were directed to determine a joint schedule for filing of briefs in this action. Stipulations were filed by the parties on September 25, 1979, and October 3, 1979. A brief was submitted by petitioner's appointed counsel on October 3, 1979. A responding brief was filed by the respondent on October 25, 1979.

The petitioner raised the following five general claims: (1) that an involuntary confession given by petitioner to the prosecutor and the sheriff of Benton County, Missouri, on January 17, 1972, was improperly admitted into evidence at his trial; (2) that petitioner received ineffective assistance of counsel at his trial in violation of the sixth amendment to the United States Constitution; (3) that petitioner was denied due process because the trial court failed sua sponte to instruct the jury on two matters; (4) that petitioner was denied effective assistance of counsel at his hearing pursuant to Missouri Supreme Court Rule 27.26; and (5) that petitioner was denied effective assistance of counsel in the appeal of his motion pursuant to Rule 27.26. This Court will examine each of petitioner's five claims individually.

## I. VOLUNTARINESS OF CONFESSION

In his first claim petitioner asserts that a statement he made on January 17, 1972, to the sheriff and prosecutor of Benton County, Missouri, was involuntary and should have been excluded from his trial. Petitioner asserts the following three grounds as the basis for this claim: (1) that the prosecutor's continuous questioning contained implied promises that he would be lenient on petitioner if petitioner made a statement and implied threats that he would be harsher on petitioner if petitioner refused to make a statement; (2) that petitioner was sick at the time he confessed; and (3) that petitioner was asked to sign a written statement when he did not have access to glasses he needed for reading. The confession in question was given during a session at the Sedalia, Missouri Police Department, when petitioner was questioned by Sheriff Breshears and Prosecutor Drake, both of Benton County, Missouri.

The Circuit Court of Benton County, Missouri, conducted a hearing on April 17, 1972, to determine the voluntariness of the statement given January 17, 1972. Sheriff Breshears was the only person to testify at the hearing concerning the voluntariness of the statement. He stated that the prosecu-

tor orally advised petitioner of his *Miranda* rights and that petitioner indicated he understood these rights before waiving them and answering questions. Petitioner summarized the crucial testimony of the sheriff as follows:

At least twice, if not more, the Prosecutor told petitioner that he would be better off to provide a statement, (sic) than he would if he refused to provide one (Tr. 34). The Prosecutor stated it would be best for him to give a statement (Tr. 34). Following these representations, McLallen signed a written waiver of his Fifth and Sixth Amendment rights and gave the Prosecutor an oral confession. Drake typed up the statement (Tr. 34), but McLallen, after making corrections on the type statement (Tr. 28), refused to sign it (Tr. 29). Petitioner's Brief at 25.

The prosecutor tried to introduce a written statement allegedly made by petitioner on January 17, 1972, that petitioner refused to sign. At the close of the hearing held April 17, 1972, the judge found that defendant had been advised of his rights and had voluntarily made the oral statements with knowledge of his rights. Respondent's Ex. D at 38. The Court sustained petitioner's objection to the alleged written statement because it was not signed by the defendant. Respondent's Ex. D at 39.

In his direct appeal petitioner raised the claim that his statement of January 17, 1972, to Sheriff Breshears and Prosecutor Drake was not voluntarily made and should have been excluded. *State v. McLallen*, 522 S.W.2d 1, 3–4 (Mo.App.1975). Quoting from the case, *State v. Hester*, 425 S.W.2d 110, 114 (Mo.1968), the Missouri Supreme Court noted that "[w]hen there is no substantial evidence of coercion or duress or of promises of leniency or reward, a confession must be deemed voluntary." 522 S.W.2d at 3. The Missouri Supreme Court found that the statement by the prosecutor was "not capable of conveying either promise or threat." 522 S.W.2d at 4. That Court wrote, "Since the statement by the prosecutor here did not constitute either a threat or a promise, such statement did not constitute substantial evidence of either so as to ren-

der the confession involuntary." 522 S.W.2d at 4. In addition, the Missouri Supreme Court found that no physical infirmity "interfered with the defendant knowingly and intelligently waiving his right to remain silent." 522 S.W.2d at 4. Because petitioner raised the claim of the voluntariness of his confession in his direct appeal, he has exhausted state remedies as required under 28 U.S.C. § 2254(b) and (c).

■ The test set forth by the United States Supreme Court to determine whether a confession is voluntary

> is not whether the conduct of state officers in obtaining the confession was shocking, but whether the confession was "free and voluntary; that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Malloy v. Hogan*, 378 U.S. 1, 7, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964), *quoting Bram v. United States*, 168 U.S. 532, 542–43, 18 S.Ct. 183, 186–187, 42 L.Ed. 568 (1897).

A state defendant is denied due process of law under the fourteenth amendment if his conviction is founded in whole or in part upon an involuntary confession that has been introduced in evidence. *Malloy v. Hogan*, 378 U.S. 1, 6, 84 S.Ct. 1489, 1492, 12 L.Ed.2d 653 (1964); *Rogers v. Richmond*, 365 U.S. 534, 540–41, 81 S.Ct. 735, 739, 5 L.Ed.2d 760 (1961). This is true even though ample evidence exists aside from the confession to support the conviction. *Jackson v. Deno*, 378 U.S. 368, 376, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908 (1964); *Malinski v. New York*, 324 U.S. 401, 404, 65 S.Ct. 781, 783, 89 L.Ed. 1029 (1945). The United States Supreme Court has noted that a "complex of values," *Blackburn v. Alabama*, 361 U.S. 199, 207, 80 S.Ct. 274, 280, 4 L.Ed.2d 242 (1960), supports the exclusion of confessions found to be involuntary. The Court in *Jackson v. Deno*, 378 U.S. at 385–86, 84 S.Ct. at 1785, summarized some of these values in the following passage:

> It is now inescapably clear that the Fourteenth Amendment forbids the use

of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the "strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will," *Blackburn v. Alabama*, 361 U.S. 199, 206–207 [80 S.Ct. 274, 280, 4 L.Ed.2d 242] (1960), and because of the "deep-rooted feeling that the police must obey the law while enforcing the law; that in the end, life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves." *Spano v. New York*, 360 U.S. 315, 320–321, 79 S.Ct. 1202, 1205–1206, 3 L.Ed.2d 1265 (1959).

Petitioner seeks habeas corpus relief in this action pursuant to 28 U.S.C. § 2254. If a decision has been made following a factual hearing conducted by a state court of competent jurisdiction, and if that decision is "evidenced by a written finding, written opinion, or other reliable and adequate written indicia," the determination is presumed to be correct unless it appears that one of the eight provisions set out in § 2254(d) exists. As noted earlier, a hearing was conducted by the Circuit Court of Benton County, Missouri, on April 17, 1972, prior to trial. Respondent's Ex. D at 24–39. At the close of the hearing the Court made an oral finding "that defendant was advised of his Constitutional Rights, and that he made the oral statements with knowledge of his rights, and made them voluntarily." Respondent's Ex. D at 38. In addition, the Court made the following entry in the records of the case:

> Now at this time Defendant appears in person and with his attorney. Hearing heard on voluntary nature of written and oral statements made by defendant. (sic). The Court finds that defendant was advised of his Constitutional Rights and that he made the oral statements with knowledge of his rights and volun-

tarily. Objection sustained as to alleged written statement because not made by defendant.

■ After carefully reviewing the transcript of the hearing held by the Circuit Court of Benton County, as well as the briefs filed by both parties, this Court concludes that petitioner did not receive a full, fair, and adequate hearing in the proceeding before the Circuit Court of Benton County on April 17, 1972. This Court feels that the material facts in issue were not adequately developed and that the merits of the factual dispute were not resolved in the state court hearing. The Court notes that Sheriff Breshears was the only witness to testify at the hearing. Neither the prosecutor, who made the questionable statements, nor the defendant were called upon to testify. 28 U.S.C. § 2254(d)(1), (3), and (6). Because this Court finds that the state proceeding did not provide petitioner with a full, fair, and adequate hearing, this Court will direct that a hearing be conducted before this Court to fully develop petitioner's claim that the confession he made January 17, 1972, was involuntary and, therefore, should not have been admitted as evidence. The Court anticipates that at this hearing counsel will present evidence concerning all three grounds petitioner has asserted to support his claim that the confession was involuntary.

In the decision to grant this hearing, this Court has considered the decision by the United States Supreme Court in *La Vallee v. Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973). The Court there held that the written statement admitted by the trial court satisfied the requirements of § 2254(d) and created a presumption of correctness in the trial court's decision that was not overcome by the petitioner. 410 U.S. at 695, 93 S.Ct. at 1205. After closely comparing the two statements, this Court has concluded that the entry by the Circuit Court of Benton County is more cursory and lacks many of the points found important by the Supreme Court in the statement considered in *La Vallee v. Rose*. That statement was preceded by an extensive summary of the trial evidence and the defendant's explanation of some of his confessed statements. 410 U.S. at 691, 93 S.Ct. at 1204. In addition, that statement indicated that the Court had based its decision upon a "totality of the circumstances" test and had considered the failure to advise the defendant of his rights. 410 U.S. at 695, 93 S.Ct. at 1205. The entry made by the Circuit Court of Benton County is nothing more than a ruling that he has found that petitioner was advised of his constitutional rights, that the oral statement was voluntary, and that the written statement would be excluded. The Court feels a review of the transcript of the hearing and of the records filed in this case overcomes any presumption created by the written entry made April 17, 1972, concerning the voluntariness of petitioner's statement. Therefore, this Court will order that a hearing be held at 1:00 p. m. on July 28, 1980, to determine the voluntariness of petitioner's statement made January 17, 1972, to the Circuit Court of Benton County, Missouri.

## II. EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner privately retained Floyd J. Sperry, Attorney-at-Law, Warsaw, Missouri, to represent him in his trial in the Circuit Court of Benton County, Missouri. Respondent's Ex. D at 3132. Ziegel Neff, Attorney-at-Law, Parkville, Missouri, was appointed by the Circuit Court of Benton County, Missouri, to assist Mr. Sperry in the representation of petitioner. Respondent's Ex. D at 5455. In his pro se petition petitioner asserts the following five grounds to support his claim that Mr. Sperry provided him ineffective assistance of counsel: (1) he did not request or submit a jury instruction on the voluntariness of the confession given to the prosecutor and sheriff of Benton County on January 17, 1972; (2) he did not raise the issue of failure to obtain a voluntariness instruction in the direct appeal; (3) he did not request a severance of the charges against petitioner; (4) he failed to impeach the sheriff of Benton County; and (5) he failed to move for an instruction on the impeachment of the sheriff.

■ Respondent strenuously argues that petitioner has not exhausted his state remedies on the claim of ineffective assistance of trial counsel as required by 28 U.S.C. § 2254(b) and (c). Section 2254(b) states that an application for a writ of habeas corpus by a person in state custody "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." In addition, section 2254(c) states that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." To exhaust state remedies it is not necessary that the state court decide the federal question, but the petitioner must give the state courts a full and fair opportunity to decide and apply controlling federal law to the petitioner's federal claims. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). *Toliver v. Wyrick*, 469 F.Supp. 583, 591 (W.D.Mo.1979). To find that no remedies remain available to exhaust petitioner's claims, there must be a clear manifestation that the state court will not entertain petitioner's contentions. *Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975).

■ The records presented to this Court show that petitioner's claim of ineffective assistance of trial counsel was not raised in the direct appeal of petitioner's conviction. *State v. McLallen*, 522 S.W.2d 1 (Mo.App. 1975); Respondent's Ex. C; Respondent's Ex. G. A review of the record of petitioner's 27.26 proceeding indicates that petitioner presented the claim of ineffective assistance of trial counsel, Respondent's Ex. D at 7–9, but raised only one of the grounds now given to support this claim, that his counsel failed to impeach the sheriff. Respondent's Ex. D at 8. Petitioner's claim of ineffective assistance of counsel because his attorney (1) did not submit an instruction on voluntariness of the January 17, 1972 confession, (2) did not raise the lack of voluntariness instruction on direct appeal, (3) did not seek severance of the charges against petitioner, (4) did not seek an impeachment instruction, has not been presented to the Missouri courts. Therefore, this claim has not been exhausted as required by section 28 U.S.C. § 2254(b) and (c).

Petitioner argues that implied in his general allegation of ineffective assistance of counsel in his 27.26 motion are the grounds that trial counsel failed to raise the issue of the voluntariness instruction in the direct appeal and that trial counsel failed to seek an instruction on impeachment of the sheriff. After a careful review of the record in this case, this Court feels that such an implication would be too broad a reading of the ineffective assistance of counsel claim raised by petitioner in his 27.26 proceeding. The Court notes petitioner concedes that he did not present in his 27.26 motion the claim that his counsel was ineffective because he failed to request an instruction on voluntariness. Thus, this Court finds that petitioner has not exhausted state remedies on four of the five grounds he asserts to support his claim of ineffective assistance of counsel.

■ Missouri Supreme Court Rule 27.26 sets out the procedure to be used by one in state custody seeking to vacate, set aside, or correct his sentence. This was the procedure used by petitioner in his initial claim of ineffective assistance of trial counsel. Petitioner, however, is apparently precluded from filing a second motion pursuant to Rule 27.26 unless he can establish that he is raising a new ground that could not have been raised by him in the prior motion. Rule 27.26(d). The grounds petitioner now asserts to support his claim of ineffective assistance of counsel are not based on new evidence and could have been raised in his prior 27.26 motion. Therefore, pursuant to Rule 27.26(d) it appears petitioner is foreclosed from further state relief on his claim of ineffective assistance of counsel. Because petitioner no longer has any remedy available to exhaust his claim of ineffective assistance of counsel, the requirement to

exhaust should not be applied inflexibly to bar this Court's consideration of petitioner's claim of ineffective assistance of counsel. *Parton v. Wyrick*, 614 F.2d 154, 157 (8th Cir. 1980).

■ Respondent further argues that petitioner has deliberately bypassed his state remedies and, therefore, has waived his right to present these issues in a petition to the federal courts. In seeking federal habeas relief, a petitioner waives his right to claim deprivation of a federal constitutional right if he fails to comply with state procedural requirements unless petitioner shows that this failure is justified by cause and that the failure resulted in actual prejudice to the defendant in the state proceeding. *Wainright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Parton v. Wyrick*, 614 F.2d 154, 157 (8th Cir. 1980); *Collins v. Auger*, 577 F.2d 1107, 1110–11 (8th Cir. 1978). Having found that petitioner did not exhaust his claim of ineffective assistance of counsel, this Court will examine each ground separately to determine whether a state procedural requirement was deliberately bypassed, which would waive petitioner's right to raise the federal constitutional claim at this time. If this Court finds that petitioner did not deliberately bypass state procedural requirements, then it must find petitioner has shown cause why state procedural rules were not followed and actual prejudice for his failure to comply with these procedures. *Wainright v. Sykes*, 433 U.S. at 87, 97 S.Ct. at 2506.

■ Petitioner's first ground to support his claim of ineffective assistance of counsel is that his counsel did not request or submit an instruction for the jury on the voluntariness of the statement given on January 17, 1972. The stipulation of the parties filed with this Court on September 25, 1979, showed that the attorneys representing petitioner considered requesting such an instruction, but declined to do so because they felt it would call attention to the statement made by petitioner. This claim clearly involves counsel's decision concerning the trial strategy that should be used to present the case to the jury. Failure to request the instruction constituted a deliberate bypass of the claim and waived petitioner's right to raise this claim in federal court. Therefore, this Court finds that this ground will not support a claim of ineffective assistance of counsel.

■ Alternatively, this Court finds that petitioner has not shown that his counsel was incompetent because he did not request an instruction on the question of voluntariness. Nor has petitioner shown that his counsel's failure to request said instruction resulted in prejudice. *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978). *Cf. Pinnell v. Cauthron*, 540 F.2d 938, 948 (8th Cir. 1976); *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976). In *Jackson v. Deno*, 378 U.S. 368, 378, 84 S.Ct. 1774, 1781, 12 L.Ed.2d 908 (1964), the United States Supreme Court held that a criminal defendant who challenges the voluntariness of a confession made to officials and attempted to be used against him at trial had a due process right to a reliable determination that the confession was voluntary and not the result of coercion forbidden by the Constitution. The Supreme Court, however, refused to require that the determination of voluntariness be made by the jury. Subsequently, in 1972, the Supreme Court held that a defendant who challenges the voluntariness of a confession on federal constitutional grounds is not entitled to have the question of the voluntariness of the statement submitted to the jury for a decision. *Lego v. Twomey*, 404 U.S. 477, 489, 490, 92 S.Ct. 619, 626, 627, 30 L.Ed.2d 618 (1972). This Court finds that failure of petitioner's counsel to request an instruction on voluntariness of petitioner's statement made January 17, 1972, does not support a claim of ineffective assistance of counsel.

■ As a second ground to support his claim of ineffective assistance of counsel, petitioner asserts that his counsel did not raise the failure to request or submit a voluntary instruction in the direct appeal. However, because petitioner was not entitled to have the jury determine the voluntariness of the confession, failure to raise

this claim in petitioner's direct appeal will not support a claim of ineffective assistance of counsel. *Lego v. Twomey, supra,* at 489–90, 92 S.Ct. at 626–627. The Court additionally notes that because petitioner did not request the instruction at his trial, he deliberately bypassed state procedural requirements. And since he has not shown cause why he failed to comply with the procedure or that he suffered actual prejudice as a result of his failure to comply, petitioner's second ground will not support a claim of ineffective assistance of counsel.

█ The third and fourth grounds given to support petitioner's claim of ineffective assistance of counsel are plainly frivolous and without merit. In the third ground petitioner asserts that his counsel did not move for severance of the counts against petitioner. Petitioner has no right to have the counts severed. In fact, criminal charges arising out of the same criminal act, occurrence or transaction should be tried together in one action to avoid the possibility of double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Therefore, failure to move for severance cannot be used to support a claim of ineffective assistance of counsel. In the fourth ground petitioner states that his counsel failed to use prior inconsistent statements to impeach the trial testimony given by the sheriff of Benton County. As noted by petitioner's appointed counsel in the trial brief filed October 3, 1979, the sheriff was impeached during trial. Petitioner's Trial Brief at 10 and 32; Respondent's Ex. A at 323–27. Therefore, this claim is clearly frivolous.

█ Petitioner asserts as the fifth ground to support his claim of ineffective assistance of counsel that his counsel did not request an impeachment instruction. The Supplement Stipulation filed October 3, 1979, stated that petitioner's trial counsel "do not remember why they did not request the trial court to submit an impeachment instruction to the jury." This Court finds that failure to request the impeachment instruction does not show that petitioner's counsel was incompetent nor has petitioner

shown that he was prejudiced by his counsel's failure to request an impeachment instruction. *United States v. Johnson, supra.* Cf. *Pinnell v. Cauthron, supra; United States v. Easter, supra.*

After examining each of the grounds asserted to support petitioner's claim that his trial counsel was ineffective, this Court finds them to be without merit. Therefore, the claim of ineffective assistance of counsel will be dismissed.

## III. ERROR OF TRIAL COURT

█ Petitioner alleges that he was denied due process of law under the fourteenth amendment because the trial judge did not instruct the jury concerning the voluntariness of petitioner's confession given January 17, 1972. As noted above, in *Lego v. Twomey, supra,* the United States Supreme Court held that a defendant was not entitled to have the jury decide the voluntariness of a statement challenged on federal constitutional grounds. 404 U.S. at 489–90, 92 S.Ct. at 626–627. Therefore, petitioner has no federal right to have the state trial court give such an instruction and his claim must be dismissed as frivolous. *United States ex rel. Morgan v. Keve,* 425 F.Supp. 585, 591 (D.Del.1976).

█ Petitioner also asserts that the trial court erred in failing to instruct the jury that the value of the motor vehicle alleged to be stolen in Count I of petitioner's indictment is an essential element of the offense alleged, i. e., a violation of Mo.Ann.Stat. § 560.156 and § 560.161. An examination of § 560.156 and § 560.161 2(2) shows that petitioner is not entitled to such an instruction and, thus, that this claim is plainly frivolous. *State v. Alberson,* 325 S.W.2d 773, 776 (Mo.1969). Cf. *State v. Campbell,* 386 S.W.2d 383, 384 (Mo.1965).

## IV. EFFECTIVE ASSISTANCE OF COUNSEL ON 27.26 HEARING

█ Petitioner alleges that he was denied effective assistance of counsel in the hearing held pursuant to his 27.26 motion because his appointed counsel failed to

properly investigate the record and facts of the case. This claim has never been presented to the state courts for consideration. Indeed, in his brief petitioner admits that the exhaustion requirement has not been met on this claim of ineffective assistance of counsel. In addition, this Court notes that a second motion pursuant to 27.26 will not be barred because this claim presents a new ground that could not have been raised in the prior proceeding. Rule 27.26(d). Therefore, this claim will be dismissed for failure to exhaust as required in 28 U.S.C. § 2254(b) and (c).

## V. EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL OF 27.26 HEARING

■ Petitioner asserts that he did not have effective assistance of counsel in the appeal of. the denial of his Rule 27.26 motion. In support of this allegation, petitioner directs this Court's attention to the opinion of the Missouri Supreme Court which refused to consider four of the five claims raised in the appeal of the denial of petitioner's 27.26 motion because counsel refused to comply with Missouri Supreme Court Rule 84.04(d). *McLallen v. State*, 543 S.W.2d 813, 814–15 (Mo.App.1976). This Court notes that petitioner has not presented this claim to any of the state courts for a determination. In *Hemphill v. State*, 566 S.W.2d 200, 208 (Mo.1978) (en banc), the Missouri Supreme Court noted that "[r]elief from defects in proceedings before the appellate courts are beyond the scope of the remedy" available in proceedings pursuant to 27.26. Instead, the Court noted that "such relief should be sought only in the appellate court of rendition and there by motion to recall the mandate, vacate the sentence of affirmance and redocket the cause for hearing." 566 S.W.2d at 208. Thus, remedies are still available to petitioner in the state courts and this claim must be dismissed for failure to exhaust as required by 28 U.S.C. § 2254(b) and (c). *Rodgers v. Wyrick*, 621 F.2d 921 (8th Cir. 1980).

## VI. CONCLUSION

This Court has reviewed each of the five claims raised in petitioner's petition for writ of habeas corpus. For the reasons discussed above, this Court finds that a hearing should be conducted to consider petitioner's first claim, that an involuntary confession given by petitioner to the prosecutor and the sheriff of Benton County, Missouri, on January 17, 1972, was improperly admitted as evidence at his trial. This Court finds that petitioner's remaining four claims should be dismissed.

Accordingly, it is hereby

ORDERED (1) that a hearing be, and is hereby, scheduled to commence on July 28, 1980, at 1:00 p. m. to consider petitioner's claim that a statement made January 17, 1972, was involuntary and should have been excluded from his trial. It is further

ORDERED (2) that petitioner's remaining claims be, and hereby are, dismissed.