**William Eugene FLATT, Petitioner,**

v.

**Fleming WILLIAMS, etc., Respondent.**

Civ. A. No. 3:86–1080.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 26, 1987.

Opinion Directing Answer Feb. 12, 1987.

Opinion on Denial of Relief
March 25, 1987.

William Eugene Flatt, pro se.

Jerry Smith, Albert Partee, III, Asst. Attys. Gen., Nashville, Tenn. and Richard A. Buerger, Franklin, Tenn., for respondent.

## MEMORANDUM OPINION, ORDER AND STAY

NEESE, Senior District Judge.

The petitioner Mr. William Eugene Flatt applied *pro se* to this Court for the federal writ of habeas corpus and paid the required filing fee on December 29, 1986. He has not, however, made prepayment of other fees and costs or given security therefor; neither has he filed an affidavit of his indigency, *see* 28 U.S.C. § 1915(a).

Mr. Flatt claims that an adverse judgment and order of December 4, 1986 in *Flatt v. Lee and Roberts,* no. C–86–2290A, was entered in his habeas corpus proceedings in the United States District Court for the Northern District of Georgia, Atlanta Division, and that he gave notice on the following day of his appeal therefrom to the United States Court of Appeals for the Eleventh Circuit. He claims that law-enforcement officers of Douglas County, Georgia transported him into the state of Tennessee and delivered him to a deputy of the respondent-sheriff who incarcerated him in the jail of Williamson County, Tennessee, pending trial of a criminal action therein.

It is the contention of the applicant that proceedings for the enforcement of the foregoing judgment were stayed automatically "until the expiration of 10 days after its entry," Rule 62(a), F.R.Civ.P., and that: "[p]ending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another [person] unless such transfer is directed in accordance with the provisions of this rule" and that "[u]pon application of a custodian showing a need therefor, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party." Rule 23(a), F.R.App.P.

Mr. Flatt claims accordingly that his federal right to due process of law, Constitution, Fourteenth Amendment, was violated by his former and present custodian and their respective agents when his custody was transferred immediately before the entry of the foregoing judgment and the attachment of the automatic stay without an order of the judge of the aforenamed federal Court in Georgia authorizing such transfer upon an application showing a need therefor. He alleges: "All state remedies are inadequate."

The latter averment would seem to allege that "there is either an absence of *available* [emphasis added by this writer] State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Nonetheless, the petition must be, and hereby is,

DISMISSED summarily, Rule 4, Rules —§ 2254 Cases, but without prejudice for the failure of the petitioner to prepay fees and costs. 28 U.S.C. § 1914; Rule 7(e)(3)— Local Rules. The clerk will so notify the petitioner and serve forthwith by certified mail copies thereof and of this order on the respondent-warden and the attorney-general and reporter of Tennessee, *id.*

However, as the petitioner is a prisoner with a constitutional right of access to the courts, *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494[1], 52 L.Ed.2d 72 (1977), such order of dismissal hereby is

STAYED for a period of 30 days to allow the petitioner the opportunity to prepay all fees and costs, or file an affidavit of his indigency stating that he is unable to pay such costs or give security therefor, should he so desire. "Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a).

### Opinion Directing Answer

■ The petitioner Mr. William Eugene Flatt filed with this Court an affidavit of his indigency in conformance with 28 U.S.C. § 1915(a). See order of February 6, 1987. Such affidavit notwithstanding, this Court may not entertain the petition herein unless Mr. Flatt alleges "that he is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

He claims that his current custody is in violation of the Federal Rules of Civil and Appellate Procedure. "[T]he Federal Rules of Civil Procedure have statutory effect," *United States v. St. Paul Mercury Insurance Company,* 361 F.2d 838, 839[1] (5th Cir.1966), *cert. den.,* 385 U.S. 971, 87 S.Ct. 510, 17 L.Ed.2d 435 (1966), cited in *Murphy v. Runfen Lauser Kg Machenenfabrick,* 101 F.R.D. 360, 363 n. 3 (D.C.Vt. 1984); *accord: Nordmeyer v. Sanzone,* 315 F.2d 780, 781[3] (6th Cir.1963), and are deemed "laws * * * of the United States."

It thus appears that Mr. Flatt has satisfied the requirements of 28 U.S.C. § 2254(a), *supra.* Therefore, it not appearing plainly on preliminary consideration of the face of the applicant's petition that he is not now entitled to relief in this Court, Rule 4, Rules—§ 2254 Cases, it hereby is

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served forthwith by the clerk of this Court by certified mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. The noticed slow movement of the mail provides good cause for the additional time allowed. 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P.

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider first the exhaustion-matter and thereafter will allow the respondent additional time in which to file a supplemental answer, addressing the merits of the petition, should exhaustion be found.

### Opinion on Denial of Relief

■ The petitioner Mr. William Eugene Flatt filed a motion to be admitted to bail; a motion to stay the proceedings pending

against him (apparently) in Williamson County, Tennessee; and a motion for the appointment of counsel. The respondent-warden answered the petition herein, *see* order herein of February 12, 1987, claiming that such petition should be dismissed because Mr. Flatt has failed to exhaust his available state-remedies, because this Court lacks subject-matter jurisdiction over Mr. Flatt's claims, and because the petition fails to state a claim upon which relief can be granted.

Before this Court may consider the merits of Mr. Flatt's petition herein, he is required to have exhausted his available state-remedies, 28 U.S.C. §§ 2254(b), (c). Mr. Flatt has clearly not exhausted such remedies by fairly presenting his federal claim to the state courts of Tennessee. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512[1], 30 L.Ed.2d 438 (1971).

He claims, however, that there are circumstances extant which render the state corrective-process ineffective to protect his rights as its prisoner. In support of such contention, Mr. Flatt claims that an agent of the respondent's-attorney general's office conspired with law-enforcement officers of Douglas County, Georgia to transport him unlawfully to Williamson County, Tennessee.

How this would render the corrective process of Tennessee ineffective, even assuming that such allegation be true, escapes this Court: Mr. Flatt is required to make a "clear manifestation that the state court[s] will not entertain [his] contentions." *McLallen v. Wyrick*, 494 F.Supp. 138, 143 (D.C.Mo.1980); only when "the States withhold effective remedy [do] the federal courts have the power and the duty to provide it." *Fay v. Noia*, 372 U.S. 391, 399, 83 S.Ct. 822, 827, 9 L.Ed.2d 837 (1963).

There is no reason for this Court to believe that Tennessee will withhold effective remedy in this case; Mr. Flatt may challenge the constitutionality of his extradition under the Tennessee habeas corpus statute, T.C.A. §§ 29–2–101, *et seq.; State v. Paskowski*, 647 S.W.2d 238 (Tenn.Cr. App.1983). Therefore, the Court FINDS from the record* that Mr. Flatt has failed to exhaust his available state-remedies.

Accordingly, the petitioner Mr. William Eugene Flatt hereby is DENIED all relief. Judgment to that effect will be entered by the clerk, Rule 58(1), F.R.Civ.P.

As this Court is required to dismiss the petition herein for the failure to exhaust available state-remedies, the petitioner's motions for bail, for a stay, and for the appointment of counsel all hereby are

DENIED.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed *in forma pauperis.* Rule 24(a), F.R.Civ.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue as there has clearly not been an exhaustion of available state-remedies.

---

* It hereby is DETERMINED that an evidentiary hearing is not required herein, Rule 8, Rules—§ 2254 Cases, and the petition herein is disposed of as law and justice require, *id.;* 28 U.S.C. § 2243.